521 P.2d 614

**STATE of Arizona, Appellee,**

v.

**Robert Lee HICKEY, Appellant.**

No. 2669.

Supreme Court of Arizona, En Banc.

April 26, 1974.

Gary K. Nelson, Atty. Gen., by Frank Sagarino and William J. Schafer, III, Asst. Attys. Gen., Phoenix, and Richard M. Davis, Special Counsel, Tucson, for appellee.

Westover, Keddie & Choules, by Thomas A. Thode, Yuma, for appellant.

HAYS, Chief Justice.

The defendant, Robert Lee Hickey, is appealing the judgment and sentence upon a plea of guilty to the charge of robbery while armed with a gun in violation of A.R.S. § 13–641 and A.R.S. § 13–643(B) as amended. Defendant has a prior felony conviction of forgery and was recently released on parole from the Arizona State Prison. Defendant was sentenced for a term of not less than 10 years nor more than life imprisonment.

DID THE LOWER COURT COMMIT FUNDAMENTAL ERROR IN FAILING TO ADVISE THE DEFENDANT OF HIS RIGHT OF CONFRONTATION AND OF HIS RIGHT TO REMAIN SILENT PURSUANT TO THE ACCEPTANCE OF DEFENDANT'S PLEA OF GUILTY?

We agree with the position of appellee that Boykin v. United States, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), imposes the requirement that the record shows a voluntary and intelligent plea. *Boykin* and related cases require, pursuant to a guilty plea, the waiver of the right of confrontation and the privilege against compulsory self-incrimination.

This court in State v. Darling, 109 Ariz. 148, 506 P.2d 1042 (1973), also set forth the requirement that the face of the record must show not only a waiver of the right to trial by a jury, but also a waiver of the privilege against self-incrimination and the waiver of the right of confrontation. *See also* State v. Moreno, 109 Ariz. 266, 508 P.2d 730 (1973).

A careful review of the record indicates only a waiver by defendant of the right to trial by jury. We therefore remand this case for a determination by the trial court of whether there had been a knowledgeable waiver of the privilege against self-incrimination and the right of confrontation.

DID THE TRIAL COURT ERR IN FAILING TO ADVISE DEFENDANT OF HIS RIGHTS REGARDING THE DEFENSE OF INSANITY PRIOR TO THE COURT'S ACCEPTANCE OF THE GUILTY PLEA?

Appellant cites no authority and we know of none for the proposition that a trial judge in accepting a plea of guilty must call to the attention of the accused every defense which might conceivably be suggested by the record. This is logically the function of the advocate. *See* People v. Edwards, 27 Mich.App. 83, 183 N.W.2d 392 (1971).

Furthermore, the record indicates that psychiatric diagnosis negated the existence of mental illness.

We find no error in the failure of the trial court to advise defendant of the defense of insanity prior to the entry of the plea of guilty.

DID THE TRIAL COURT ERR IN FAILING TO EXAMINE THE EVIDENCE PURSUANT TO AN UNEQUIVOCAL ADMISSION OF GUILT?

Defendant correctly contends that there is an affirmative obligation on the part of the trial court pursuant to a voluntary guilty plea to determine if a factual basis exists to justify the entry of a plea of guilty. *See* State v. Williker, 107 Ariz. 611, 491 P.2d 465 (1971).

However, the record indicates that defendant was aware that the evidence against him was overwhelming and thus a sound factual basis for the guilty plea existed.

Defendant heavily relies on North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), but the *Alford* case can be easily distinguished because in *Alford* the defendant protested his innocence while in the case at bar defendant unequivocally admitted his guilt. Since there was no protestation of innocence, there was no conflicting evidence for the court to consider.

WAS THE APPELLANT VALIDLY COMMITTED FOR PSYCHIATRIC EVALUATION?

Defendant maintains that the commitment was against his will in violation of A.R.S. § 13–1621(D). However, this argument is without factual support. The record indicates that defendant did not manifest unwillingness, but merely chose to posture a lack of understanding. Furthermore, the commitment was with the ex-

press approval of counsel for the defendant.

## DID THE TRIAL COURT ERR IN DENYING ASSISTANCE OF COUNSEL IN ARGUING A POST-JUDGMENT MOTION?

 It is well recognized that an accused is entitled to appointed counsel at any "crucial stage" of the criminal proceeding. State v. Sample, 107 Ariz. 407, 489 P.2d 44 (1971).

However, defendant cites no authority for the proposition that a post-conviction motion is a critical stage in a criminal proceeding. No new admissible evidence is offered in a post-conviction motion. Defendant has already exercised his right to appeal with the assistance of counsel. Furthermore, defendant does not contend that any issue was lost or prejudiced by failure to appoint counsel to argue this post-judgment motion.

The case is remanded for proceedings consistent with this opinion.

CAMERON, V. C. J., and STRUCK-MEYER, LOCKWOOD and HOLOHAN, JJ., concur.