522 P.2d 1090

**STATE of Arizona, Appellee,**

v.

**Merland JENKINS, Jr., Appellant.**

**No. 2879.**

Supreme Court of Arizona,
In Division.

May 29, 1974.

Rehearing Denied July 2, 1974.

Gary K. Nelson, Atty. Gen., by Frank T. Galati, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender, by Anne Kappes, Deputy Public Defender, Phoenix, for appellant.

STRUCKMEYER, Justice.

Defendant, Merland Jenkins, Jr., was charged and convicted of the crime of robbery, a violation of A.R.S. § 13–641, and appeals. He presents two questions, which may be summarized as being whether he was adequately informed of his Miranda rights and made a valid waiver of them.

Officer Calvin Lash, an employee of the City of Phoenix Police Department, investigated and arrested defendant as a suspect in a robbery. After defendant's arrest, he was taken to the main police station of the City of Phoenix, placed in an interrogation room and interrogated by Lash. Lash testified that before asking defendant any questions he advised him of his constitutional rights and concluded by asking whether he understood those rights, to which he received the answer, "yes."

The defendant was advised of his rights as follows:

"You have the right to remain silent. Anything you say can be used against you in a Court of Law. You have the right to the presence of an attorney prior and during questioning, if you so desire. If you cannot afford an attorney one will be appointed for you and will be present during questioning, if you so desire."

Lash testified that at first the defendant denied being involved in the robbery, but

upon being informed that the officer had talked to his girl friend, Cherry Jones, and to one Arthur Mostiller, who were also implicated in the robbery, defendant admitted that he had participated in the robbery. Defendant acknowledged his part in the robbery about one-half an hour after Lash had been talking to him, and the total length of the conversation with defendant was probably an hour. Officer Lash stated that there were no threats or promises or force made to induce the defendant to give his confession, but that he did not specifically ask the defendant if he "wanted me to go get him a lawyer."

In Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), the court said that the prosecution has "a heavy burden" to show a waiver of the constitutional privilege against self-incrimination and the right to counsel. However, we have held that an express refusal to the right of counsel is not a prerequisite to a valid waiver. State ex rel. Berger v. Superior Court, 109 Ariz. 506, 513 P.2d 935 (1973). Other courts have so held. For example, in Bond v. United States, 397 F. 2d 162, 165 (10th Cir., 1968), the court said:

> "We do not read Miranda to hold that 'an express declination of the right to counsel is an absolute from which, and only from which, a valid waiver can flow.'"

And *see* People v. Johnson, 70 Cal.2d 541, 75 Cal.Rptr. 401, 450 P.2d 865 (1969), cert. denied 395 U.S. 969, 89 S.Ct. 2120, 23 L. Ed.2d 758 (1969).

 Nor is it our understanding that a police officer is required to formally advise the defendant that he, the police officer, would go and get him a lawyer. We think it is enough to advise him that a lawyer will be made available to him prior to questioning if he so desires.

Judgment affirmed.

CAMERON, V. C. J., and LOCK-WOOD, J., concur.