524 P.2d 502

**STATE of Arizona, Appellee,**

v.

**Raymond Leroy ALLEN, Appellant.**

No. 2901.

Supreme Court of Arizona,
In Banc.

July 17, 1974.

Rehearing Denied Sept. 17, 1974.

N. Warner Lee, Atty. Gen., Gary K. Nelson, Former Atty. Gen., by Cleon M. Duke, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by H. Allen Gerhardt, Jr., Deputy Public Defender, Phoenix, for appellant.

STRUCKMEYER, Justice.

Appellant, Raymond Leroy Allen, was convicted on January 16, 1974 of rape and sodomy committed against a nine-year-old girl. He appeals.

Appellant was advised of his Miranda rights shortly after his arrest while sitting in the back of a police car. About twenty minutes later at the Phoenix Police Station he was interrogated concerning the asserted offenses, at which time he confessed, relating certain details of the offenses to two police officers. Prior to trial, a hearing was held to determine whether his statements were voluntarily made. The trial court determined he was fairly apprised of the rights prescribed in Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Appellant did not testify at the hearing.

It is urged on appeal that the Miranda warnings given to appellant immediately following his arrest were not sufficient because he should have been advised of his rights again before the commencement of the interrogation. No authority is cited for this proposition. Neither does the evidence reflect in the slightest that there is any reason to believe appellant was not fully and fairly aware of his rights. We know of no rule of law which requires that Miranda warnings be repeated immediately prior to the commencement of every interrogation. State v. Miller, Ariz., 522 P.2d 23 (1974).

Appellant further urges that a prior conviction to which he pled guilty was not properly established. He relies on Rule

17.6 of the Arizona Rules of Criminal Procedure, 17 A.R.S. That Rule provides:

"Whenever a prior conviction is an element of the crime charged, an admission thereto by the defendant shall be accepted only under the procedures of this rule, unless admitted by the defendant while testifying on the stand."

The trial court at appellant's arraignment simply asked appellant whether he admitted the prior conviction, to which he stated, "yes."

The procedures which appellant urges were not complied with are set forth in Rules 17.1, 17.2 and 17.3, prescribing in general the duty of the court to advise the defendant of his rights and the consequences of pleading guilty and the duty of the court to determine the voluntariness and intelligence of his plea.

Rule 17.6 by its express language has application to the other procedures under Rule 17 only where the prior conviction is an element of the crime charged. We have held that an information which charged the crime of burglary with a prior conviction did not charge a different offense. Valdez v. State, 49 Ariz. 115, 65 P.2d 29 (1937). And *see* State v. Johnson, 80 Ariz. 45, 292 P.2d 465 (1956). The prior conviction to which appellant pled guilty was not an element of the crimes with which appellant was charged. It merely enhanced the punishment. Statutes authorizing the infliction of a more severe penalty on one who is a persistent offender do not create a new, separate, distinct, independent, or substantive offense. McGarry v. Fogliani (9th Cir. 1967), 370 F.2d 42. Since the prior conviction is not an element of the crime charged, the provisions of Rules 17.1, 17.2 and 17.3 have no application whatsoever to appellant's plea of guilty to a prior conviction.

Judgment affirmed.

HAYS, C. J., CAMERON, V. C. J., and LOCKWOOD and HOLOHAN, JJ., concur.