529 P.2d 222

**STATE of Arizona, Appellee,**

v.

**William Dean CRUSE, Appellant.**

**No. 2886.**

Supreme Court of Arizona,
In Banc.

Dec. 19, 1974.

Gary K. Nelson, Former Atty. Gen. by Cleon M. Duke, Asst. Atty. Gen., N. Warner Lee, Atty. Gen., Phoenix, for appellee.

Douglas E. Davis, Scottsdale, for appellant.

STRUCKMEYER, Justice.

William Dean Cruse was charged with armed robbery with a prior conviction,

pled guilty after signing a plea bargain agreement and was sentenced to 15 to 40 years on December 14, 1973. He timely filed a motion to vacate the judgment and plea on January 14, 1974 under Rule 24.2, Rules of Criminal Procedure, 17 A.R.S., which was denied. He now appeals from the judgment of conviction, the denial of his motion to vacate and the sentence.

The principal ground upon which defendant urges reversal is that he was told by his attorney and the court's probation officer that he would receive a sentence of not less than 10 nor more than 15 years. But at a post-trial hearing conducted by the judge on defendant's motion to vacate, both his attorney and the probation officer testified that they did not make any promises with respect to the sentence. We assume this was the evidence upon which the court predicated its ruling.

■ We believe, however, that the court's order denying defendant's motion must be reversed because the court failed to appoint defendant counsel at the hearing. The court asked defendant whether he had anything he cared to say. Defendant answered:

> "Just that I would like a chance to have an oral argument. But I would also like a chance to be represented outside the public defender's office."

The court then continued the hearing on the motion for two days. At that time, the defendant was present, but an attorney had not been appointed to represent him at the hearing other than the attorney from the Public Defender's Office who had represented defendant from the commencement of the criminal prosecution. The following colloquy occurred:

> "THE COURT: Do you care for the court to question these individuals or ask them any questions or do you desire to do so yourself?
>
> "THE DEFENDANT: I don't know, Your Honor. I don't feel competent enough to argue this motion myself."

Thereafter, as stated, the deputy public defender, who had represented the defendant up to this time, and the probation officer of the court were questioned by the court and both testified that they did not make any promises with respect to the sentence.

By Rules of Criminal Procedure effective September 1, 1973, Rule 6.1, a defendant is given the absolute right to be represented by counsel in any criminal proceeding, and if he is an indigent he shall be entitled to have an attorney appointed to represent him in any criminal proceeding which may result in punishment by loss of liberty. Palpably, when the attorney who had represented defendant took the witness stand to testify against him, defendant was left without counsel.

The State places its reliance on State v. Hickey, 110 Ariz. 527, 521 P.2d 614 (1974). That case is inapposite for two reasons. First, it did not involve a timely post-trial motion but, rather, a post-conviction procedure which was filed by Hickey some nine months after the judgment of conviction. Second, the proceedings in Hickey were under the rules adopted prior to September 1, 1973 and the decision there has no application to the present Rules of Criminal Procedure, Rule 6.1.

■ Defendant argues that the sentence was excessive because the court should have used its discretion to rehabilitate him by placing him in a drug program rather than the state prison. We do not consider that defendant's argument raises a reversible claim on the issue of excessive sentence.

For the foregoing reason, the order denying the defendant's motion to vacate and stay is set aside with directions that the court below appoint counsel for the defendant and proceed to a rehearing and grant or deny the motion as it finds the facts and law require.

HAYS, C. J., CAMERON, V. C. J., and LOCKWOOD and HOLOHAN, JJ., concur.