543 P.2d 153
**The STATE of Arizona, Appellee,**
v.
**Frankie EVANS, Appellant.**
**No. 2 CA–CR 666–2.**

Court of Appeals of Arizona,
Division 2.
Dec. 8, 1975.
Rehearing Denied Jan. 7, 1976.

Bruce E. Babbitt, Atty. Gen. by John S. O'Dowd, Asst. Atty. Gen., Tucson, for appellee.

Thomas G. Martin, Tucson, for appellant.

**316**

## OPINION

HATHAWAY, Judge.

Appellant was convicted of offering to sell heroin in violation of A.R.S. Sec. 36–1002.02 with a prior grand theft conviction. The minimum sentence without a prior is five years, and with a non-drug prior is ten years (A.R.S. Sec. 13–1649). Appellant was given a ten year suspended sentence. That same day appellant was sentenced for second degree burglary with the same grand theft prior conviction. Appellant claims that the use of the grand theft conviction more than once constituted double jeopardy and violates A.R.S. Sec. 13–1641, which states that a single act can only be punished once.

These arguments are without merit. We held in *Chauncey v. Eyman*, 3 Ariz.App. 106, 412 P.2d 103 (1966) and *State v. Shumway*, 2 Ariz.App. 39, 406 P.2d 241 (1965) that the allegation of a prior conviction does not constitute double jeopardy. For the same reasons a prior conviction may be used more than once. The Arizona Supreme Court said in State v. Allen, 111 Ariz. 125, 524 P.2d 502 (1974):

> "The prior conviction to which appellant pled guilty was not an element of the crimes with which appellant was charged. It merely enhanced the punishment. Statutes authorizing the infliction of a more severe penalty on one who is a persistent offender do not create a new, separate, distinct, independent, or substantive offense." 111 Ariz. at 126, 524 P.2d at 503.

The prior conviction was not an element of offering to sell heroin. Prior convictions are only used to increase the punishment for persistent offenders. Appellant is a convicted felon. His status does not change after the prior is one alleged.

A.R.S. Sec. 13–1641 has no application here. It states:

> "An act or omission which is made punishable in different ways by different sections of the laws may be punished under either, but in no event under more than one. An acquittal or conviction and sentence under either one bars a prosecution for the same act or omission under any other."

Appellant is not being sentenced for grand theft, but for offering to sell heroin. The prior conviction merely increases the sentence on the heroin conviction. See *State v. Allen*, supra.

Affirmed.

HOWARD, C. J., and KRUCKER, J., concur.