544 P.2d 654
**STATE of Arizona, Appellee,**
v.
**Dwayne Ronnell GHOLSON, Appellant.**
**No. 3120.**

Supreme Court of Arizona,
In Banc.
Jan. 14, 1976.

Rehearing Denied Feb. 10, 1976.

Bruce E. Babbitt, Atty. Gen., William J. Schafer, III, Chief Counsel, Crim. Div., Cleon M. Duke, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender, Anne Kappes, Deputy Public Defender, Phoenix, for appellant.

GORDON, Justice.

The appellant, Dwayne Ronnell Gholson, was convicted by a jury of the crime of armed robbery. On appeal he contends he was not properly advised of the consequences of his admission of his prior conviction in violation of Rule 17.2 and his out-of-court statements were improperly admitted. We take jurisdiction of this case pursuant to Art. 2, § 24 and Art. 6 § 5 of the Arizona Constitution and A.R.S. § 12–120.21. We affirm the judgment and sentence.

The facts necessary to this review are as follows. On October 2, 1974 appellant and an accomplice robbed the clerk of the Ajax Liquor Store of approximately $242.00. After receiving the money from the clerk the two men ran toward the rear of the store, leaped the fence and fled in a car. The police chased the suspects until their car collided with a station wagon. The suspects continued their flight on foot. Appellant was arrested after he entered the apartment of a woman who alerted the police to his presence. At the time of his arrest appellant was given his *Miranda*[1] warnings. Appellant responded to the arresting officer that he understood each of the constitutional rights contained in the warning. En route to Ajax Liquors for identification by the clerk appellant made several inculpatory and exculpatory statements. At the police station the appellant was asked if he understood his rights, he stated that he did, and then made several inculpatory and exculpatory statements. After the jury verdict of guilty of armed robbery the court took up the state's motion to add an allegation of a prior conviction. The trial court noted that the appellant had not been arraigned on the allegation of a prior conviction. In the presence of the jury the court advised the appellant of his right to a jury trial on the allegation and advised him that the law provides for an increased punishment if a valid prior conviction is found. Appellant acknowledged his prior conviction after a discussion with the court and with his counsel.

1. *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

■ Appellant first urges that under Rule 17.6 Arizona Rules of Criminal Procedure the trial court must inform a defendant of the nature and range of the increased penalty that would be imposed upon him as required by Rule 17.2(b). Under the facts of this case we do not agree.

Rule 17.6 of the Arizona Rules of Criminal Procedure provides:

"Whenever a prior conviction *is an element of the crime charged,* an admission thereto by the defendant shall be accepted only under the procedures of this rule, unless admitted by the defendant while testifying on the stand." (Emphasis supplied.)

■ The trial court affirmed that the appellant understood both that the law provided for increased punishment, and, because his lawyer had explained it to him, that his admitting the prior conviction would result in the court imposing an increased sentence as a matter of law. The law in regards to the application of Rule 17.6 to the procedures under Rule 17.2(b) is clear.

"Rule 17.6 by its express language has application to the other procedures under Rule 17 *only where the prior conviction is an element of the crime charged.* * * * The prior conviction to which appellant pled guilty was not an element of the crimes with which appellant was charged. It merely enhanced the punishment. *Statutes authorizing the infliction of a more severe penalty on one who is a persistent offender to not create a new, separate, distinct, independent or substantive offense.*" (Emphasis supplied.) *State v. Allen,* 111 Ariz. 125 at 126, 524 P.2d 502 at 503 (1974).

When an information charges the crime of armed robbery with a prior conviction, the prior conviction is not an element of the crime of armed robbery. The holding in *State v. Allen,* supra, 111 Ariz. at 126, 524 P.2d at 503 is controlling in the instant case.

"Since the prior conviction is not an element of the crime charged, the provisions of Rules 17.1, 17.2 and 17.3 have no application whatsoever to appellant's plea of guilty to a prior conviction."

Appellant next urges that his out-of-court statements were improperly admitted because he had stated to the arresting officer that he wanted to talk to an attorney. We do not agree.

■ The record shows that after appellant received his *Miranda* warnings he refused to give his name or the name of his accomplice to the arresting officer indicating that the information would come from his attorney. The following testimony was brought out in a voluntariness hearing before the judge and outside the presence of the jury:

[By Defense Counsel:] "Q. Do you remember the question that the defense attorney asked you:

" 'Question: When you first arrested the defendant, did he tell you that he didn't want to talk to you because he wanted to see an attorney first?

" 'Answer: No.

" 'Question: He didn't say that?

"Answer: One time during the conversation I advised him of his rights and that's when we were already in the car, when I asked him his name and his partner's name. He says he didn't want to advise us, that I would have to ask his attorney for that information.' "

\* \* \* \* \* \*

[By Defense Counsel:] "Q. So that when you said that:

" '\* \* \* when I asked him his name and his partner's name. He says he didn't want to advise us, that I would

have to ask his attorney for that information'?

"A. Um-humm."

\* \* \* \* \* \*

[By the Court:] "Did it occur to you that he might want a lawyer, rather than answer questions?

[By the Witness:] "No, sir, he didn't further reiterate or ask for him, ask for an attorney."

Though it does appear that appellant informed the arresting officers that the information concerning his name and the name of his accomplice would have to come from his attorney we do not find that appellant thereby requested counsel before he made the incriminating statements. "[W]e have held that an express refusal to the right of counsel is not a prerequisite to a valid waiver." *State v. Jenkins*, 111 Ariz. 13, at 14, 522 P.2d 1090 at 1091 (1974).

The fact that the *Miranda* warnings were only given to appellant at the time of arrest and not repeated at the police station does not invalidate the appellant's statements under the facts and circumstances of the instant case. At the police station a law enforcement officer asked appellant if he remembered and understood his Constitutional Rights contained in the *Miranda* warning. Appellant indicated that he did. Where the evidence shows that appellant was fully and fairly aware of his rights there is no rule of law that requires the *Miranda* warnings to be repeated. *State v. Allen*, supra.

The record shows that appellant gave statements to the law enforcement officers after he had been advised of his constitutional rights; the trial court did not err in admitting these statements into evidence.

Judgment affirmed.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HAYS, and HOLOHAN, JJ., concur.