580 P.2d 1189

**STATE of Arizona, Appellee,**

v.

**Kenneth R. CANADAY, Appellant.**

No. 4168.

Supreme Court of Arizona,
En Banc.

June 23, 1978.

Bruce E. Babbitt, Former Atty. Gen., John A. LaSota, Jr., Atty. Gen. by William J. Schafer, III and Lynn Hamilton, Asst. Attys. Gen., Phoenix, for appellee.

Richard L. Thompson, Phoenix, for appellant.

HAYS, Justice.

Appellant Kenneth Ronald Canaday was convicted by a jury of two counts of first degree burglary. A.R.S. §§ 13–301, 13–302. Immediately before his trial he was arraigned on an addendum to the information, which alleged a previous conviction for attempted burglary. A.R.S. §§ 13–301, 13–302, 13–108, 13–109, 13–110. Appellant admitted the prior conviction at that time. After the verdict, Canaday was sentenced

to concurrent terms of 10–12 years imprisonment, based on his admission of the prior conviction. A.R.S. §§ 13–302, 13–1649. We have taken jurisdiction of this appeal pursuant to 17A A.R.S. Rules of the Supreme Court, rule 47(e)(5).

Under 17 A.R.S. Rules of Criminal Procedure, rule 17, certain procedures must be followed in accepting pleas of guilty and no contest. The trial court has a duty to advise a defendant of his rights and of the consequences of pleading guilty or no contest (rule 17.2), and a duty to determine the voluntariness and intelligence of the plea (rule 17.3). In addition, rule 17.6 reads as follows:

"Rule 17.6 Admission of a prior conviction

Whenever a prior conviction is charged, an admission thereto by the defendant shall be accepted only under the procedures of this rule, unless admitted by the defendant while testifying on the stand."

The record discloses, and the parties hereto have acknowledged, that at no time did the trial court comply with the requirements of rule 17 in accepting appellant's admission of the prior conviction. Appellant did not testify during the trial.

Rule 17.6, supra, became effective on August 1, 1975, well before the proceedings in the instant case. Its predecessor contained different language:

"Rule 17.6 Admission of a prior conviction

Whenever a prior conviction is an element of the crime charged, an admission thereto by the defendant shall be accepted only under the procedures of this rule, unless admitted by the defendant while testifying on the stand." (Emphasis added.)

In interpreting this earlier version of the rule, we held that where the prior conviction was alleged for the purpose of increasing punishment, rather than as "an element of the crime charged," rule 17 had no application to an admission of the prior conviction. State v. Gholson, 112 Ariz. 545, 544 P.2d 654 (1976); State v. Allen, 111 Ariz. 125, 524 P.2d 502 (1974). However, rule 17.6 obviously can no longer be subject to this interpretation. We hold that the procedures delineated in rule 17 must be followed whenever a prior conviction is admitted, whether such prior conviction is alleged for the purpose of increasing punishment or as an element of the crime charged, as mandated by the clear language of rule 17.6. This case must therefore be remanded for resentencing of appellant. At that time, if he is to be subjected to enhanced punishment, the state must either prove his prior conviction or the mandates of rule 17.6 must be followed in accepting his admission thereto.

The judgment of conviction is affirmed; the cause is ordered remanded for resentencing.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HOLOHAN and GORDON, JJ., concur.