584 P.2d 1153

**STATE of Arizona, Appellee,**

v.

**Lynn Philip McGINTY, Appellant.**

**No. 4173.**

Supreme Court of Arizona,
En Banc.

Sept. 14, 1978.

Rehearing Denied Oct. 17, 1978.

Bruce E. Babbitt, former Atty. Gen., John A. LaSota, Jr., Atty. Gen., by William J. Schafer, III, and Lynn Hamilton, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender, by Michael G. Sullivan, Deputy Public Defender, Phoenix, for appellant.

HAYS, Justice.

Appellant Lynn Philip McGinty was found guilty by a jury of the crime of possession of marijuana (A.R.S. §§ 36–1001 and 36–1002.05); imposition of sentence was suspended and he was placed on probation for a period of one year. Appeal was filed in the Court of Appeals; we have taken jurisdiction pursuant to 17A A.R.S. Rules of the Supreme Court, Rule 47(e)(5).

Appellant's sole point of error relates to the failure of the trial court to suppress certain of his statements made to the arresting officer, and the admission into evidence of those statements at the trial. The facts necessary for a determination of this issue are as follows.

Appellant was arrested shortly after a quantity of marijuana was found in his van. He had been driving the van, in which his wife and a friend, Robert Wright, were passengers. At the scene of the arrest, he was advised of his *"Miranda"* rights by Officer Bachman of the Phoenix Police Department and indicated that "he wished to wait and talk to an Attorney." Interrogation then ceased. After being transported to police headquarters, during the "booking" procedures, he was readvised of his *"Miranda"* rights by Officer Bolton and the two engaged in a conversation. Bolton asked appellant to discuss ownership of the marijuana which had been located in the van. Appellant indicated that he was concerned about the fate of his wife and friend, and asked whether they would be released if he admitted ownership. Bolton said that he had no power to make any deals or promises regarding disposition of the other two suspects. Appellant then admitted ownership of the marijuana, and stated that aerosol found by the police had been used in an attempt to cover the odor of marijuana within the van. It is now alleged that the action of the police, in

questioning appellant after he had once asserted his Fifth Amendment right to remain silent and his Sixth Amendment right to counsel, violated those rights according to the rule of *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

*Miranda v. Arizona, supra,* provides that a custodial interrogation must cease when requested by a suspect. However, in *Michigan v. Mosley,* 423 U.S. 96, 96 S.Ct. 321, 46 L.Ed.2d 313 (1975), it was held that *Miranda* cannot be read to "create a *per se* proscription of indefinite duration upon any further questioning by any police officer on any subject." *Id.* at 102–103, 96 S.Ct. at 326, 46 L.Ed.2d at 321. Questioning is permissible as long as a suspect's right to cut off questioning is "scrupulously honored." *Michigan v. Mosley, supra* ; *State v. Hatton,* 116 Ariz. 142, 568 P.2d 1040 (1977). Where a suspect has asserted his right to counsel, that right may later be waived, but establishing such a waiver requires proof of an intentional abandonment or relinquishment of a known right or privilege. *Brewer v. Williams,* 430 U.S. 387, 97 S.Ct. 1232, 51 L.Ed.2d 424 (1977). An express refusal of counsel is not a prerequisite to a valid waiver. *State v. Gholson,* 112 Ariz. 545, 544 P.2d 654 (1976); *State v. Jenkins,* 111 Ariz. 13, 522 P.2d 1090 (1974). Thus, the answering of questions after the giving of a proper "*Miranda*" warning constitutes a waiver by conduct. *State ex rel. Berger v. Superior Court,* 109 Ariz. 506, 513 P.2d 935 (1973), *cert. denied sub nom. Pate v. Arizona,* 414 U.S. 1145, 94 S.Ct. 899, 39 L.Ed.2d 101 (1974); *State v. Knapp,* 114 Ariz. 531, 562 P.2d 704 (1977), *cert. denied sub nom. Knapp v. Arizona,* 435 U.S. 908, 98 S.Ct. 1458, 55 L.Ed.2d 500 (1978); *State v. Pineda,* 110 Ariz. 342, 519 P.2d 41 (1974). As was said in *State v. Grange,* 25 Ariz.App. 290, 543 P.2d 128 (1975):

> "Once a person is arrested and has asserted his right to counsel, he can change his mind for some reason satisfactory to himself and voluntarily submit to questioning. (Citation omitted.) After the initial request for counsel is made, a later waiver by the accused can be voluntarily made, but the State bears a heavy burden of proving the voluntariness of the later waiver and any statements made. (Citation omitted.)" *Id.* at 294, 543 P.2d at 132.

*See also State v. Durham,* 111 Ariz. 19, 523 P.2d 47 (1974); *State v. Travis,* 26 Ariz.App. 24, 545 P.2d 986 (1976); *State v. Richmond,* 23 Ariz.App. 342, 533 P.2d 553 (1975). We find that the facts presented herein have established such voluntariness. Appellant made his admissions to an officer other than the one with whom he had initially refused to talk. He was fully advised of his "*Miranda*" rights on several occasions. There can be no question of his understanding of those rights, in view of his initial reliance on them. The record demonstrates absolutely no physical or psychological coercion or intimidation on the part of the police. Rather, it appears that appellant made his statements for "some reason satisfactory to himself", *i. e.,* a personal concern for the predicament of his wife and friend. In viewing the "totality of the circumstances" surrounding the giving of the admissions, we will not upset the trial court's determination of admissibility in the absence of "clear and manifest error". *State v. Edwards,* 111 Ariz. 357, 529 P.2d 1174 (1974). We find no such "clear and manifest error" on this record.

The judgment of conviction and the sentence are affirmed.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HOLOHAN and GORDON, JJ., concur.