689 P.2d 175

STATE of Arizona, Appellee,

v.

**Richard Elroy JOHNSON aka Seavey Harold Johnson aka Harold Seavey Johnson, Appellant.**

**No. 1 CA–CR 6018.**

Court of Appeals of Arizona, Division 1, Department B.

Oct. 18, 1983.

---

Robert K. Corbin, Atty. Gen. by William J. Schafer III, Chief Counsel, Crim. Div., Jessica Gifford, Asst. Atty. Gen., Phoenix, for appellee.

Peter S. Balkan, Phoenix, for appellant.

## OPINION

JACOBSON, Chief Judge.

May a criminal defendant who pleads guilty and admits the existence of two prior convictions for the purpose of enhancement of punishment, attack on appeal the sufficiency of the evidence to support the prior convictions? This is the issue raised by this appeal.

The defendant-appellant, Richard Elroy Johnson, was originally charged by indictment in Cause CR–108328 with one count of burglary, a class 2 felony, and two counts of armed robbery, class 2 felonies, arising out of an incident on July 25, 1979. He was further charged in Cause CR–123493 with burglary, a class 5 felony, arising out of an incident on November 15, 1981. In both causes, the state filed allegations that the defendant had been previously convicted in United States District Court in Cause C–18006, on May 20, 1968, with two counts of bank robbery.

On March 8, 1982, the defendant entered into a plea agreement with the state, whereby he agreed to plead guilty to the crime of burglary, a class 5 felony, in Cause CR–123493 and admitted the two prior convictions. The agreement further provided that the defendant would receive the maximum permissible sentence for a class 5 felony, with two prior convictions— six years. In exchange, the state agreed to dismiss the three class 2 felony counts in Cause CR–108328.

At the plea hearing, the trial court established that the plea of guilty was intelligently and knowingly made, that a factual basis for the plea existed, and that the defendant was aware of the sentence and the fact that he was required to serve at least two-thirds of that sentence. It was further established that the federal convictions were for bank robbery and discharging a firearm during a bank robbery, both of which arose out of the same incident; the defendant was represented by counsel at the time of these convictions; the convictions were entered on May 20, 1968 and that the defendant had served eight years

in federal prison on these charges. No objection was made in the trial court to the use of these prior convictions for enhancement of punishment.

The trial court accepted the plea of guilty and admissions and sentenced the defendant to six years imprisonment, stating on the record the reasons the defendant was receiving an aggravated sentence.

On appeal, the defendant argues that the trial court improperly used the prior convictions to enhance, because (1) the convictions were stale under A.R.S. § 13–604(A) (Supp.1982), and (2) since the convictions arose out of the same incident under A.R.S. § 13–604(H) (Supp.1982) only one conviction could be alleged.

To properly understand the defendant's contention as to the prior convictions, it is necessary to analyze his arguments. First, he argues that A.R.S. § 13–604(A) allows prior convictions to be used for enhancement only where the defendant "has previously been convicted of any felony within ten years next preceding the date of the present offense." Since the prior federal convictions were entered on May 20, 1968 and the incident giving rise to the charge to which he pleaded occurred on November 15, 1981, he argues that the state is precluded from using these convictions to enhance punishment. A.R.S. § 13–604(J) provides that any time that defendant spent incarcerated "shall not be included in the ten years ... required to be free of convictions for purposes of those subsections." The record is clear that in fact the defendant was incarcerated on the federal charges. The issue then becomes whether the evidence supports a conclusion that the length of the federal incarceration would make the 1968 conviction viable under A.R.S. § 13–604(A).

Second, the defendant cites A.R.S. § 13–604(H) which provides that "convictions for two or more offenses committed on the same occasion shall be counted as only one conviction for purposes of this section." Since the record shows that the federal convictions arose out of the same incident, the defendant argues, "the court improper-

ly determined the validity of the two prior convictions without ascertaining whether or not the convictions arose out of separate incidents or had, in fact, arisen out of the same incident." Again, this argument is that the prior convictions are evidentially unsound.

The state's response to these arguments is that the defendant's admission of the prior convictions for the express purpose of enhanced punishment under A.R.S. § 13–604(A) constitutes a waiver of nonjurisdictional defects associated with these prior convictions and therefore they may not be raised on appeal, relying on *State v. Flewellen*, 127 Ariz. 342, 621 P.2d 29 (1980).

The defendant counters by contending that the waiver of nonjurisdictional defects does not apply to admissions of prior convictions, citing *State v. Renaud*, 108 Ariz. 417, 499 P.2d 712 (1972).

In *Renaud*, the defendant pleaded guilty to a charge of burglary and admitted a prior felony conviction. The record was completely silent as to whether the defendant was represented by counsel at the time the prior conviction was entered. Relying on *Burgett v. Texas*, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967), the court held that an uncounseled prior conviction may not be used to enhance punishment and that a silent record would not support a presumption of waiver of counsel. Under these circumstances, the court held that admission of the prior conviction was not a waiver of this constitutional defect.

In our opinion, *Renaud* is consistent with the general rule that a plea of guilty waives *nonjurisdictional defects*. The defect in *Renaud* went to the power of the court to enhance punishment—the inability of the court to use an uncounseled prior to enhance punishment or a silent record to prove waiver. This is a constitutionally imposed right. In this sense, the subject matter jurisdiction of the court to give the sentence imposed was at issue.

The "defect" complained of here is of a different character, that is, no constitutional right is involved, merely the absence of evidence on the substantive charge. If the defendant had denied the prior convictions, a trial of this issue would have disclosed exactly what the defendant claims is now missing—the length of time spent incarcerated and the distinctiveness of the defendant's collective acts giving rise to the two separate charges. These evidentiary matters go not to the power of the court to act but rather to the sufficiency of the proof to support the court's ultimate action. It is the sufficiency of this proof that the defendant concedes when he admits the prior conviction for the express purpose of enhancement, and by this admission waives the right to challenge on appeal whether that proof exists. *State v. Toulouse*, 122 Ariz. 275, 594 P.2d 529 (1979) (plea of guilty waives a challenge to the sufficiency of the evidence to support the conviction).

Aside from the legal bar inherent in the defendant's judicial admission, other cogent reasons exist for imposing a waiver. The defendant entered into a solemn agreement whereby he obtained substantial benefits (the dismissal of three class 2 felonies), on the basis that the two prior convictions were valid. At the time when the trier of fact could have resolved the issue of the validity of the consideration accepted by the state (a sentence contingent upon the validity of the prior convictions), the defendant not only did not ask for an inquiry to be made, he actively participated in a course of conduct which would lead the trier of fact to believe that such an inquiry was not necessary. This is the stuff of which estoppel is made. On appeal it is simply too late to urge that the premise upon which all the parties, including the court, acted in good faith was fallacious. All equitable considerations require that the defendant having made his bed must now lie in it.

Judgment and sentence affirmed.

GRANT, Acting P.J., and GREER, J., concur.