689 P.2d 166

**STATE of Arizona, Appellee,**

v.

**Richard Elroy JOHNSON aka Seavey Harold Johnson aka Harold Seavey Johnson, Appellant.**

**No. 6159–PR.**

Supreme Court of Arizona, In Banc.

Oct. 11, 1984.

Robert K. Corbin, Atty. Gen., William J. Schafer III, Chief Counsel, Criminal Div., Jessica Gifford, Asst. Atty. Gen., Phoenix, for appellee.

Peter S. Balkan, Phoenix, for appellant.

224

GORDON, Vice Chief Justice:

On August 21, 1979, in cause number CR–108328, appellant Richard Elroy Johnson was charged by indictment with three class 2 felonies—one count of first degree burglary and two counts of armed robbery—arising out of an incident alleged to have occurred on July 25, 1979. On December 2, 1981, appellant was charged by indictment in cause number CR–123493 with a class 5 felony, third degree burglary, arising out of an incident alleged to have occurred on November 15, 1981. The state later amended each indictment to allege two 1968 federal convictions for bank robbery as enhancement. On March 8, 1982, appellant entered into a plea agreement with the state. He agreed to plead guilty in CR–123493 and admit the two prior felony convictions in exchange for the state's dismissal of CR–108328. The plea agreement contained a stipulation that appellant would be sentenced to six years imprisonment. The trial court accepted the plea agreement and sentenced appellant to the stipulated term.

Notice of appeal was filed from the judgment of guilt and from the sentence. Appellant argued that the superior court should not have accepted the plea agreement because it failed to establish the validity of the two prior convictions. The Court of Appeals found that appellant's admission of the two prior convictions constituted a waiver of the right to challenge the factual basis of the prior convictions on appeal and stated that appellant "having made his bed must now lie in it." *State v. Johnson,* 142 Ariz. 232, 234, 689 P.2d 175, 177 (App.1983).

Appellant petitioned this Court to review the opinion of the Court of Appeals. He notes that the Court of Appeals' opinion is in direct conflict with an earlier Court of Appeals' opinion, *State v. Draper,* 123 Ariz. 399, 401, 599 P.2d 852, 854 (App. 1979), which held that a waiver analysis "cannot prevail" in light of Ariz.R.Crim.P. 17.3. We accepted jurisdiction, pursuant to Ariz. Const. art. 6, § 5(3) and Ariz.R. Crim.P. 31.19, to resolve the conflict. The

Court of Appeals' opinion is vacated; the judgment of guilt against appellant is also vacated; the matter is remanded to the superior court for further proceedings.

■ Ariz.R.Crim.P. 17.3 provides that the trial court must determine that there is a factual basis for the entry of a guilty plea. *See State v. Hickey,* 110 Ariz. 527, 521 P.2d 614 (1974). This rule requires that the trial court be satisfied that there is a factual basis to support all the essential elements of the charge or charges to which a defendant has pled. *State v. Norris,* 113 Ariz. 558, 558 P.2d 903 (1976). Ariz.R. Crim.P. 17.6 indicates that this same requirement applies to the admission of a prior conviction. *See State v. Canaday,* 119 Ariz. 335, 336, 580 P.2d 1189, 1190 (1978) ("[T]he procedures delineated in rule 17 must be followed whenever a prior conviction is admitted, whether such conviction is alleged for the purpose of increasing punishment or as an element of the crime charged * * *.") Thus, the Court of Appeals' holding—that appellant's admission of his prior convictions waives his right to challenge their factual basis—cannot stand. Pursuant to rule 17.6, a criminal defendant who pleads guilty and admits the existence of a prior conviction can, on appeal, attack the sufficiency of the evidence used to prove its factual basis.

In the instant case, appellant raises two challenges to the trial court's finding of a factual basis for his two prior convictions. Because of our disposition of the first, we do not reach the second.

■ Appellant challenges the trial court's use of the 1968 bank robbery convictions for enhancement based on A.R.S. § 13–604(H). That statute provides in pertinent part:

"Convictions for two or more offenses committed on the same occasion shall be counted as only one conviction for purposes of this section."

Appellant argues that the two prior convictions, one for bank robbery and one for bank robbery with a dangerous weapon, resulted from a single incident and, there-

fore, should have been used only as a sole prior conviction. The trial court was informed that the two convictions arose from the same incident:

"THE COURT: Are you also prepared to admit that you have two prior felony convictions?

"APPELLANT: Your Honor, I am not sure about that. The way it's worded there it says two counts of bank robbery.

"THE COURT: Is that true or not true?

"APPELLANT: It's not true.

"MR. BALKAN: Your Honor, we have discussed this. This—the defendant was convicted in Federal Court of two counts arising out of the same incident. I guess there was one bank robbery. But it appears that one was a count of bank robbery, and the other count was a count of discharging a firearm while in the commission of a felony. But it did arise out of one incident. * * *"

The state presented no rebuttal to appellant's assertions and the trial court pursued it no further. There is nothing in the record to controvert appellant's assertion that his prior convictions arose from a single incident. Therefore, we find that the trial court erred in finding a factual basis to support the allegation of two prior convictions available for use as enhancement under A.R.S. § 13–604.

A conviction on a plea of guilty "cannot be sustained unless there is a factual basis to support each of the elements of the crime to which the plea is made." *State v. Carr,* 112 Ariz. 453, 455, 543 P.2d 441, 443 (1975). Similarly, a conviction on a plea of guilty with an allegation of prior convictions cannot be sustained unless there is a factual basis to support the prior convictions.

The opinion of the Court of Appeals is vacated; the judgment of guilt against appellant and the sentence imposed upon him are vacated; the trial court's order accepting the plea agreement is vacated; all charges pending against appellant in CR–108328 which were dismissed pursuant to the plea agreement are reinstated. The matter is remanded to the superior court for further proceedings.

HOLOHAN, C.J., and HAYS and FELDMAN, JJ., concur.

CAMERON, Justice, dissenting.

I respectfully dissent.

At the plea entered pursuant to defendant's plea bargain, the following transpired:

THE COURT: Are you also prepared to admit that you have two prior felony convictions?

DEFENDANT JOHNSON: Your Honor, I am not sure about that. The way it's worded there it says two counts of bank robbery.

THE COURT: Is that true or not true?

DEFENDANT JOHNSON: It's not true.

MR. BALKAN: Your Honor, we have discussed this. This—the defendant was convicted in Federal Court of two counts arising out of the same incident. I guess there was one bank robbery. And I am not familiar with their code. But it appears that one was a count of bank robbery, and the other count was a count of discharging a firearm while in the commission of a felony. But it did arise out of one incident. And Mr. Johnson has been shown a copy of the judgment and commitment from District Court, and we can make that available to this Court.

THE COURT: Just tell me what is the case number and when did the convictions occur.

MR. BALKAN: Okay. The case number is C–18006. The copy was certified December 22nd, 1981. The conviction was on May 20th, 1968, in Phoenix, Arizona.

THE COURT: Mr. Johnson, were you represented by an attorney at the time of those two prior convictions?

DEFENDANT JOHNSON: Yes, I was.

There is, in my mind, no question that the defendant was previously involved in a bank robbery, and that he was convicted

226

for such robbery in the federal court. The fact that under the federal statute one series of acts supported two convictions, one for bank robbery and one for discharging a firearm in the commission of a bank robbery, should make no difference. There was a factual basis for each of the two prior convictions.

The defendant was represented by competent counsel. Had he chosen to go to trial, in addition to the third degree burglary count, defendant would have faced prosecution on one count of first degree burglary and two counts of armed robbery. Additionally, he would have been confronted with sentence enhancement as to all counts on account of his federal conviction(s) for bank robbery. It appears that he or his attorney made a favorable bargain. I find it difficult to construe defendant's guilty plea as anything but intelligently and understandingly entered. *North Carolina v. Alford*, 400 U.S. 25, 31, 91 S.Ct. 160, 164, 27 L.Ed.2d 162, 168 (1970); *Boykin v. Alabama*, 395 U.S. 238, 242, 89 S.Ct. 1709, 1712, 23 L.Ed.2d 274, 279 (1969). I also agree with the Court of Appeals that there was a valid waiver in this case:

> Aside from the legal bar inherent in the defendant's judicial admission, other cogent reasons exist for imposing a waiver. The defendant entered into a solemn agreement whereby he obtained substantial benefits (the dismissal of three class 2 felonies), on the basis that the two prior convictions were valid. At the time when the trier of fact could have resolved the issue of the validity of the consideration accepted by the state (a sentence contingent upon the validity of the prior convictions), the defendant not only did not ask for an inquiry to be made, he actively participated in a course of conduct which would lead the trier of

fact to believe that such an inquiry was not necessary. This is the stuff of which estoppel is made. On appeal it is simply too late to urge that the premise upon which all the parties, including the court, acted in good faith was fallacious. All equitable considerations require that the defendant having made his bed must now lie in it.

I have no quarrel with the obvious meaning of Rule 17.6, Arizona Rules of Criminal Procedure, 17 A.R.S., as expressed by the majority. However, where as here, a defendant has made a rational and informed choice among alternatives, I believe such a defendant's admission should suffice to meet the "factual basis" requirement of Rule 17.3, Arizona Rules of Criminal Procedure, as incorporated by Rule 17.6. Because I feel that a "factual basis" can be found, I believe that this case can be reconciled with those relied upon by the majority. *State v. Canaday*, 119 Ariz. 335, 580 P.2d 1189 (1978); *State v. Norris*, 113 Ariz. 558, 558 P.2d 903 (1976); *State v. Carr*, 112 Ariz. 453, 543 P.2d 441 (1975); *State v. Hickey*, 110 Ariz. 527, 521 P.2d 614 (1974).

I recognize that my interpretation of the facts in this case is at odds with *State v. Draper*, 123 Ariz. 399, 599 P.2d 852 (App. 1979), as to the issue of whether the defendant waived his right to challenge the factual basis of his prior convictions. I believe, however, that the approach later adopted by the Court of Appeals in this case is better reasoned.