*139 OPINION OF THE COURT
Ralph A. Beisner, J.
The instant ease presents the court with several unique issues concerning the procedural and substantive application of a criminal defendant’s right to suppress or controvert a sentence-enhancing predicate conviction.
A review of the relevant facts, which are generally not in controversy, would help to understand the issues presented to the court.
FACTS
On May 2, 1980, the defendant, Frank Joseph Ryan, was arrested by New York State Trooper Robert Acevedo and charged with driving while intoxicated (Vehicle and Traffic Law § 1192 [3]), a misdemeanor. He refused to submit to a breathalyzer test. Simultaneously, an individual named Philip Witenko was arrested by another New York State Trooper, K. O. Kari (Acevedo’s partner), at the scene of the Ryan arrest for driving while intoxicated (Vehicle and Traffic Law § 1192 [3]). Witenko was Ryan’s bartender.
With regard to Witenko, Trooper Kari conducted an interview on the night of the arrest and reduced Witenko’s admissions to writing. Trooper Kari then filled out a physical condition report of Witenko, a simplified traffic information and a prosecutor’s information. These documents were then delivered to the Peeks-kill City Court, where a common practice was to ask the court clerk to keep what belonged in the court file and deliver the remainder to the District Attorney’s secretary in the office across the hall.
Witenko and Ryan were subsequently arraigned and represented by the same attorney. Sometime thereafter, the attorney was advised by the District Attorney that the charge against Witenko would be reduced to disorderly conduct (Penal Law § 240.20), a violation. The attorney then advised Ryan to retain other counsel to represent him because he would continue representing Witenko, a potential witness against Ryan, and he perceived a conflict of interest.
Witenko pleaded guilty to disorderly conduct and was sentenced to a conditional discharge on August 26, 1980, before Peekskill City Court Judge Norman Roskin. On September 25, 1980, Judge Roskin on motion and order prepared by Witenko’s attorney, sealed the court’s file regarding Witenko, pursuant to CPL 160.50.
*140 Ryan’s case was transferred from the Peekskill City Court to the Harrison Town Court because the Judges of the Peekskill Court knew Ryan, who is an attorney. Ryan’s trial attorney made all necessary pretrial motions to receive information pursuant to the mandates of CPL 240.45, commonly known as Rosario and Brady material.
In preparation for the Ryan trial, the Assistant District Attorney assigned to the case, who had appeared once in the Witenko case in Peekskill, interviewed Witenko and Trooper Kari. He called Trooper Kari at the pretrial suppression hearing and Witenko as a witness in Ryan’s trial.
The bench trial in January 1981 resulted in a guilty verdict against Ryan for the misdemeanor, driving while intoxicated. Witenko testified as will be later discussed. Ryan filed a notice of appeal from that decision which was dismissed for failure to perfect.
Ryan was arrested on July 24, 1983 on the instant driving while intoxicated charge, which is a felony by virtue of the prior conviction (Vehicle and Traffic Law § 1192 [5]). Thereafter, he moved (in the nature of coram nobis), to set aside the 1981 conviction as being violative of his “due process” right to confrontation in the trial court (not the same Trial Judge), which was denied. He then sought a pretrial motion to suppress the special information attached to the indictment (see, CPL 200.60) which was denied as being a “collateral attack” on the prior conviction and that his proper remedy was a timely appeal pursuant to CPL article 400 (Colabella, J., Apr. 4, 1984).
ISSUES
The matter is presently before this court for trial of the 1983 arrest as a felony. Defense counsel moves to suppress the special information at the time it is offered on the District Attorney’s direct case as being violative of his client’s “due process” rights. In support of this application, his offer of proof, in addition to the above facts, alleges that the exculpatory statements of Witenko and Trooper Kari’s notes which challenge Witenko’s ability to accurately observe the facts about which he testified are only in the sealed Peekskill City Court files and not the District Attorney’s files. The issues presented in this trial court are:
(1) May a defendant attack a sentence-enhancing predicate conviction by evidentiary objection during trial?
(2) If so, did the City of Peekskill Court have the authority to seal the court file pursuant to CPL 160.50 in September 1980?
*141 (3) Did the denial of defendant’s counsel to have the Witenko material work a violation of his client’s right to confrontation under the US Constitution, 6th and 14th Amendments?
DECISION
The decision of the court is as follows:
The defendant has a right to attack, as violative of due process, a predicate conviction which acts as an enhancement of punishment statute (Baldosar v Illinois, 446 US 222).
The court further recognizes that there is no statutory scheme existing for procedural attacks of this nature in New York, pretrial. Therefore, the court, perceiving a wrong, must construct the remedy. The remedy most appropriate, in this court’s opinion, would be to hold a hearing during the trial, at the time the defendant objects to the introduction of the predicate conviction, regardless of the position the defendant takes concerning the arraignment under CPL 200.60, absent, of course, an admission of that predicate conviction (People v Solomon, 113 Misc 2d 790; Judiciary Law § 2-b [3]; CPL 200.60, which provides for the arraignment on the predicate conviction after the trial commences).
Furthermore, it would be instructive of the court to advise counsel how it perceives the burden of proof concerning this issue. Since the predicate conviction stands, it must be afforded a presumption of regularity. Therefore, the defendant has the burden of going forward. At such time as the defendant has offered evidence sufficient to rebut that presumption, in the opinion of the court, the District Attorney then would have the burden of proof beyond a reasonable doubt to prove that the predicate conviction was obtained without constitutional impediment.
In order to properly conduct the evidentiary hearing upon defendant’s objection, the court must determine if the sealing of Witenko’s record by the City of Peekskill Court was authorized. If not, those records are available to the defendant at this hearing. The court holds same to be void ah initia.
The power of the courts to seal a record is a statutory creation of the Legislature, there being no inherent power in the judiciary. Such a statute must be strictly construed (People v Casella, 90 Misc 2d 442).
The statutory authority of the court to seal Witenko’s record in September of 1980 is nonexistent, since a plea down from a misdemeanor to disorderly conduct is not a “favorable disposition” (People v Blackman, 90 Misc 2d 977). Furthermore, *142 even if it were so viewed there existed no statute permitting the sealing of the court records of the Peekskill City Court. {See, CPL 160.50, as amended in Sept. 1980.)
The records of Witenko are therefore properly before this court during the evidentiary hearing on defendant’s objection to the special information.
After the evidentiary hearing, the court makes the following decision:
Under US Constitution 6th Amendment, a person accused of a crime is possessed with a due process right to confront witnesses against him. It cannot be disputed that the right to confrontation most frequently manifests in the cross-examination of accusing witnesses. Anything that acts as a substantial impediment to this right is in derogation of same as if it were absent altogether from our adversarial system of justice {United States v Bryant, 439 F2d 642).
The uncontroverted facts in this case indicate that the defendant was convicted previously of driving while intoxicated, as a class A misdemeanor in January of 1981, and that such conviction is a predicate basis for the instant felony charge. It is equally clear that the prior conviction of the defendant was obtained in part based upon the testimony of Philip Witenko, who gave direct testimony in the People’s case, that the defendant was intoxicated following his consumption of approximately 15 drinks in the bar, where the witness Witenko was working. Witenko’s testimony established that the defendant came into the bar around 7:30 p.m. and left around 2:30 a.m. Witenko also testified that he, Witenko, was sober on the night in question.
It is also established that Witenko himself was arrested on the same evening as the defendant, for driving while intoxicated, which charge resulted in a conviction for disorderly conduct, a violation of Penal Law § 240.20. Whether such reduction was based upon the evidence alone, or the District Attorney’s desire to obtain Witenko’s testimony against Ryan, is not material to the instant case, and in this court’s view, not justified by the record, since Ryan’s trial attorney was aware of the reduction and was able to explore that possibility in his cross-examination of Witenko.
In September of 1980, Judge Roskin of the Peekskill City Court issued a seal order, ostensibly based upon CPL 160.50, which resulted in the sealing of the Witenko court file. This court has previously ruled that the sealing of such file was without benefit of statutory authority and as such, void ab initia.
*143 Contained in that court file was a set of handwritten notes and a report by Trooper Kari, which stated that Witenko was bar-tending on the night in question, and there was also contained therein a physical condition report of Witenko at the time of his arrest. The unambiguous content of the notes indicate that Witenko told Trooper Kari that Frank Ryan arrived at the establishment where Witenko bartended at approximately 12:00 midnight and not at 7:30 p.m. as testified to at trial by Witenko, and that Witenko had all the physical indicia of intoxication at the time of his arrest. The same notes and report were not in the District Attorney’s files of either Witenko or Ryan. The testimony at this hearing clearly explains the bureaucratic mismanagement, which allowed a court clerk to determine what material is placed in the court’s files, and what is forwarded to the District Attorney for his files.
Under the authority of Brady v Maryland (373 US 83) and People v Rosario (9 NY2d 286), presently codified in CPL 240.45, the defendant, Ryan, would have been entitled to these notes and the physical condition report in order to properly confront and cross-examine the People’s witness, Witenko. Their existence prior to Ryan’s misdemeanor trial is beyond dispute.
The defendant could not obtain the “sealed’ records. Neither, for that matter, could the District Attorney obtain the “sealed” file to ascertain if Rosario or Brady material was contained therein. Thus, neither party could be charged with actual knowledge of its existence. The trial Assistant District Attorney testified that he knew the file existed, but never attempted to examine it even though he did not know it was “sealed” (People v Geaslen, 54 NY2d 510).
This apparent blameless occurrence, namely, the sealing of the record, in the opinion of the court, has had the effect of denying Ryan his due process right to effective confrontation of an important, crucial prosecution witness. Simply stated, his attorney could not cross-examine Witenko with regard to a prior inconsistent statement given to Trooper Kari, or as to Witenko’s condition or ability to observe the events about which he testified. Such denial can hardly be characterized as harmless error, since the contents of the notes, if taken as true, established that Ryan was in the bar only for two and one-half hours, from 12:00 midnight to 2:30 a.m., instead of Witenko’s testimony which placed him in the bar for seven hours, from 7:30 p.m. to 2:30 a.m., and that Witenko himself was intoxicated at about 2:30 a.m. Furthermore, Ryan had not taken a breathalyzer test and no chemical evidence of intoxication was available to the People at the trial.
*144 “If the suppression of evidence results in constitutional error, it is because of the character of the evidence, not the character of the prosecutor” (United States v Agurs, 427 US 97, 110). Whether the evidence in this case was suppressed by a willful or inadvertent act of the prosecutor, witness’ attorney, or court, the result is the same. The defendant was denied a right to examine a crucial prosecution witness through no fault of his own. Furthermore, this court holds that the credibility of Witenko was clearly “material”, and more than sufficient to create a reasonable doubt as to the guilt of the defendant according to the standard enunciated in United States v Agurs (supra, at pp 112-114).
In the opinion of this court, the inadvertent denial of Ryan’s right to confrontation precludes this court from accepting into evidence the certificate of conviction of the January 1981 misdemeanor driving while intoxicated, as the predicate conviction elevating this charge from a misdemeanor to a felony. Defendant’s objection to the offer of that proof is sustained.
The decision, therefore, results in the trial court hearing evidence on the remaining lesser included count of driving while intoxicated as a misdemeanor, the felony being dismissed for failure to prove a prima facie case.
The defendant is found guilty of a violation of Vehicle and Traffic Law § 1192 (3) and § 1126 (a).