741 P.2d 698
**STATE of Arizona, Appellee,**

v.

**Jack CUZICK, Appellant.**

**No. 1 CA–CR 10703.**

Court of Appeals of Arizona, Division 1, Department D.

June 9, 1987.

Reconsideration Denied July 10, 1987.

Robert K. Corbin, Atty. Gen. by William J. Schafer III, Chief Counsel, Crim. Div., Vicki Gotkin Adler, Asst. Atty. Gen., Phoenix, for appellee.

Philip A. Seplow, Phoenix, for appellant.

KLEINSCHMIDT, Judge.

The defendant, Jack Cuzick, was charged by information with first degree burglary and theft. The state filed an allegation of prior convictions based on two convictions in Cochise County, No. CR-11352.

Pursuant to a plea agreement, the defendant pled guilty to third degree burglary with *one* prior felony conviction. The theft count was to be dismissed. The court accepted the plea agreement and sentenced defendant to the presumptive term of six years.

As noted in defendant's brief, the court did establish a factual basis as to the present charge. As to the prior convictions in Cochise County No. CR-11352, defendant admitted his arrest and convictions and that he was represented by counsel. Defendant did not admit that he committed the crimes, and the state did not establish a detailed factual basis to show that the defendant had committed the elements of the prior offenses.

The defendant's argument is that the trial court erred by not questioning him as to, or otherwise establishing, the facts underlying the prior offenses to prove that the defendant had indeed committed all the elements of those offenses. The state responds that the defendant's admission that he had suffered the prior convictions was sufficient. The state is correct.

We do not accept the defendant's argument that *State v. Johnson*, 142 Ariz. 223, 689 P.2d 166 (1984), somehow mandates reversal. In that case, the Arizona Supreme Court vacated the plea agreement because there was no evidence to refute the defendant's insistence that his two prior convictions arose from a single incident, thus precluding the use of both, as opposed to just one, to enhance the sentence. *See* A.R.S. § 13-604(H). Here, unlike *Johnson*, there is no assertion that there is really any flaw in the factual basis for the priors.

Further, since the defendant here was sentenced with only one prior conviction, no question of the application of A.R.S. § 13-604(H) is presented.

We reject defendant's argument that the court must establish a factual basis for the crimes underlying the prior convictions by placing evidence as to the elements of those offenses on the record. A factual basis has already been established for the prior convictions either at trial, at the hearing on the change of plea, or in the extended record of the prior proceedings. The defendant does not suggest otherwise.

Pursuant to A.R.S. § 13-4035, we have searched the record for fundamental error and have found none. For the above reasons, the conviction and sentence are affirmed.

BROOKS and SHELLEY, JJ., concur.