754 P.2d 1346

**STATE of Arizona ex rel. Thomas E. COLLINS, Maricopa County Attorney, Petitioner,**

v.

**SUPERIOR COURT OF the State of Arizona, In and For the COUNTY OF MARICOPA; Hon. Edmund G. Noyes, a judge thereof, Respondent Judge.**

**Charles Lee POST, Real Party in Interest.**

No. CV–87–0063–T.

Supreme Court of Arizona, En Banc.

May 3, 1988.

Reconsideration Denied June 7, 1988.

Thomas E. Collins, Maricopa County Atty. by H. Allen Gerhardt, Phoenix, for petitioner.

Dan Roth, Robert A. Dodell, Scottsdale, for real party in interest.

MOELLER, Justice.

## JURISDICTION

By special action filed with the court of appeals, the state challenged the trial court's order dismissing an allegation of a prior conviction. We granted the court of appeals' petition to transfer the special action to this court. We have jurisdiction pursuant to Ariz. Const. art. 6, § 5(3), Rule 7(f), Arizona Rules of Procedure for Special Actions, and Rule 19, Arizona Rules of Civil Appellate Procedure.

## FACTS

The defendant was charged with one count of DUI and one count of driving with a blood alcohol content of .10 or more. The state alleged that the defendant had two prior DUI convictions, one in 1981 in the Phoenix Municipal Court, and one in 1983 in the Scottsdale City Court. Before trial, the defendant moved to dismiss the allegation concerning the 1983 conviction. He claimed that the prior conviction could not be used because the state could not show that the underlying guilty plea was entered into knowingly, intelligently, and voluntarily and was supported by a factual basis.

Originally, the trial court denied the defendant's motion to dismiss as premature, with leave to renew it when more information on the prior conviction became available. Subsequently, the parties stipulated that the only evidence of the 1983 conviction was the written plea agreement and the citation, which shows on its back the court's finding of guilty and the sentence imposed. The plea agreement is signed by defendant, his counsel, and the prosecutor. It is a printed form which contains the following language: "I understand that by pleading guilty I will be giving up my right to a trial by jury, . . . to confront, cross-examine and compel the attendance of witnesses, and my privilege against self-incrimination."

Based on this record, the defendant resubmitted the motion to dismiss the allegation. After considering the stipulation and oral argument, the trial court granted the defendant's motion to dismiss, ruling that based on the stipulated evidence, "there is no way the State can prove a valid September 27, 1983 D.W.I. conviction."

## STATE'S STANDING IN THIS SPECIAL ACTION

■ The defendant first argues that the state has waived its right to present this special action by reason of the stipulation the parties filed with the trial court.

The pertinent part of the stipulation states:

The parties have agreed to stipulate to the fact that the proceedings of the Magistrate's Court were not recorded and there does not exist a Guilty Plea Proceeding, and further, the parties are stipulating that the Court rehear Defendant's Motion to Strike a Prior at the date and time of the Pre-Trial Conference presently set for December 4, 1986, at 8:30 o'clock A.M., and that the Court's ruling on said Motion with additional information available may be dispositive of the case.

The trial court's minute entry, made after considering the stipulation and oral argument, reads:

The parties have stipulated that the State has no evidence regarding [the 1983] conviction other than a plea agreement signed by Defendant and counsel and a citation that shows on its back side a finding of guilty and the sentence imposed. For reasons and authority advanced in Defendant's pleadings, the Court therefore finds that there is no way the State can prove a valid [1983] conviction and the allegation of that prior conviction is DISMISSED.

The stipulation does not suggest that either party waived any rights to challenge the trial court's ruling by petition for special action, appeal or otherwise. Nor do we find anything else in the record to suggest that either of the parties or the trial court intended that the stipulation would preclude all review by an appellate court. Consequently, we reject the defendant's argument that the state lacks standing to present this special action for our consideration.

## COLLATERAL ATTACK ON PRIOR CONVICTIONS

The defendant does not challenge the authenticity of the plea agreement or the fact of his prior conviction. Rather, the defendant asks us to require the state to show affirmatively that his plea was entered into voluntarily, knowingly, and intelligently and was supported by a factual basis. The state alleges that this is an impermissible collateral attack on the prior conviction.

### 1. Collateral Attack Based on Federal Constitutional Grounds.

To mount a successful collateral attack on federal grounds, a defendant must show constitutional error—"a fundamental defect which inherently results in a complete miscarriage of justice, [or] an omission inconsistent with the rudimentary demands of fair procedure." *United States v. Timmreck,* 441 U.S. 780, 783, 99 S.Ct. 2085, 2087, 60 L.Ed.2d 634, 638 (1979) (quoting *Hill v. United States,* 368 U.S. 424, 428, 82 S.Ct. 468, 471, 7 L.Ed.2d 417, 421 (1962)); *see also United States v. Lopez–Beltran,* 619 F.2d 19 (9th Cir.1979), *cert. denied,* 445 U.S. 931, 100 S.Ct. 1322, 63 L.Ed.2d 765 (1980).

For several reasons, both of defendant's claims fail to meet this test. First, the federal constitution as interpreted by the United States Supreme Court in *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), does not require state courts to establish a factual basis unless the defendant maintains his innocence while entering a guilty plea. *Wallace v. Turner,* 695 F.2d 545, 548 (11th Cir.1983); *see also Wabasha v. Solem,* 694 F.2d 155 (8th Cir.1982). Defendant does not contend that his prior plea was an *"Alford"* plea.

Second, although *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), requires the record on direct appeal to show affirmatively that the plea was voluntarily and knowingly entered, *Boykin* does not suggest that the absence of such an affirmative showing is grounds for a collateral attack. Moreover, a defendant represented by counsel is usually presumed to have entered his guilty plea voluntarily. *Marshall v. Lonberger,* 459 U.S. 422, 436–38, 103 S.Ct. 843, 852, 74 L.Ed.2d 646, 660 (1983); *Henderson v. Morgan,* 426 U.S. 637, 647, 96 S.Ct. 2253, 2258, 49 L.Ed.2d 108, 116 (1976).

Finally, and most significantly, petitioner cannot realistically allege "an omis-

sion inconsistent with the rudimentary demands of fair procedure" when he had the options of post-conviction motions, appeal and post-conviction proceedings available to him and either failed to use them or was unsuccessful in using them. *See Timmreck*, 441 U.S. at 784, 99 S.Ct. at 2087, 60 L.Ed.2d at 638. The Supreme Court has sustained a constitutional challenge to a prior conviction only where the evidence indicates that the defendant was not represented by counsel and did not waive his right to counsel in the prior proceeding. *See Baldasar v. Illinois*, 446 U.S. 222, 100 S.Ct. 1585, 64 L.Ed.2d 169 (1980); *Loper v. Beto*, 405 U.S. 473, 92 S.Ct. 1014, 31 L.Ed.2d 374 (1972); *United States v. Tucker*, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed. 2d 592 (1972); *Burgett v. Texas*, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967). Even those grounds have been narrowly construed, *see Lewis v. United States*, 445 U.S. 55, 100 S.Ct. 915, 63 L.Ed.2d 198 (1980), with grant or denial of relief based in part on the availability of judicial review of the first conviction. *See United States v. Mendoza–Lopez*, 481 U.S. 828, 107 S.Ct. 2148, 95 L.Ed.2d 772 (1987).

The defendant here admittedly was represented by counsel in the 1983 proceeding. He claims no constitutional defects in that proceeding; he claims only that the state is presently unable to prove there were no constitutional defects. He could have directly attacked his prior conviction in a variety of ways but chose not to do so. Under these circumstances, the use of the prior conviction in no way violates any right guaranteed to defendant by the federal constitution.

2. *Collateral Attack Based on State Grounds.*

■ We next address defendant's claim that the prior conviction was obtained in violation of Rule 17, Arizona Rules of Criminal Procedure. Rules 17.1, 17.2, and 17.3 require a judge accepting a guilty plea to inform defendant of his constitutional rights and to determine that his decision to plead guilty is voluntarily and knowingly made and is supported by a factual basis. Again, the defendant does not claim that the trial judge at the earlier proceeding did not fulfill the requirements of Rule 17. Instead, he only claims that the state is presently unable to prove that the trial judge complied with Rule 17. Neither the Rules of Criminal Procedure nor the cases interpreting them require a non-record court to memorialize its proceedings. Indeed, such a requirement would run counter to the whole concept of a non-record court. The fact that the conviction is from a non-record court does not bar the use of the conviction, nor does it impose any duty upon the state to prove the validity of a conviction which is regular on its face.

■ We now turn to the defendant's claim that his prior conviction is void under the Arizona Constitution, and therefore cannot be used in this proceeding. We agree that a constitutionally infirm conviction cannot be used to enhance a charge or sentence in a later proceeding. *State v. Watson*, 120 Ariz. 441, 448, 586 P.2d 1253, 1260 (1978), *cert. denied*, 440 U.S. 924, 99 S.Ct. 1254, 59 L.Ed.2d 478 (1979); *State v. Miller*, 108 Ariz. 303, 309, 497 P.2d 516, 522 (1972). However, defendant has not cited, nor has our research revealed, any support for his argument that a prior conviction is constitutionally infirm for enhancement purposes on state constitutional grounds merely because the state does not affirmatively show that the earlier plea was supported by a factual basis and was knowingly, voluntarily and intelligently made.

Turning to the Arizona cases, we first note that lack of a factual basis for a plea may, of course, be attacked on direct appeal. *See State v. Carr*, 112 Ariz. 453, 543 P.2d 441 (1975). At first blush, *State v. Johnson*, 142 Ariz. 223, 689 P.2d 166 (1984), could be read as providing some support for defendant's argument here. However, *Johnson* did not involve a collateral attack upon the validity of prior convictions. The defendant in *Johnson* challenged the trial court's implied finding that his two prior convictions were based on offenses committed on separate occasions. That finding denied the defendant the protection of A.R.S. § 13–604, which provides that convictions for two or more offenses

committed on the same occasion may only be counted as one conviction for sentence enhancement purposes. *Johnson* is concerned with the factual basis for the finding of the fact of the prior convictions under Rule 17.6, Arizona Rules of Criminal Procedure. It has nothing to do with the validity of the prior convictions themselves or whether there was a factual basis to support them.

In *State v. Watson*, 120 Ariz. 441, 586 P.2d 1253 (1978), *cert. denied*, 440 U.S. 924, 99 S.Ct. 1254, 59 L.Ed.2d 478 (1979), decided prior to *Timmreck, supra*, the defendant claimed that a prior conviction should not be used as a statutory aggravating circumstance in a death penalty case under A.R.S. § 13–454(E). In part, defendant's claim was based on an argument that the prior conviction lacked a factual basis and was based on an unintelligently entered plea. In *Watson*, a transcript of the plea proceeding was before the court. Without reaching or considering any question of standing, the court held that the factual record before it totally negated defendant's contentions.

This court has permitted collateral attacks only on *uncounselled* prior convictions. *State v. Renaud*, 108 Ariz. 417, 499 P.2d 712 (1972). Absent this narrow exception, which is based on constitutional principles, we have held that prior convictions are not subject to collateral attack. *See, e.g., State v. Simmons*, 131 Ariz. 482, 642 P.2d 479 (1982); *State v. Superior Court*, 128 Ariz. 583, 627 P.2d 1081 (1981).

To the contrary, we have held that a facially valid conviction is entitled to a presumption of verity. *State v. Court of Appeals*, 103 Ariz. 315, 318, 441 P.2d 544, 547 (1968); *see also State v. Wilson*, 684 S.W. 2d 544 (Mo.Ct.App.1984). We see no reason to abandon or overrule our precedents here. We recognize that some jurisdictions allow a defendant to make a collateral attack under certain circumstances. *See, e.g., People v. Wade*, 708 P.2d 1366, 1368 (Colo.1985); *People v. Ryan*, 127 Misc.2d 138, 141, 485 N.Y.S.2d 933, 936 (1985); *State v. Harper*, 126 N.H. 815, 820, 498 A.2d 310, 315 (1985); *State v. King*, 400

N.W.2d 878, 879 (S.D.1987); *State v. Armstrong*, 332 S.E.2d 837, 842–43 (W.Va. 1985). We believe, however, that Arizona procedures for post-conviction motions, appeals, and Rule 32 proceedings, provide adequate, and vastly preferable, avenues of direct attack on convictions.

While we do not limit our holding to convictions based on guilty pleas, we find the rationale set forth by the United States Supreme Court in *Timmreck* particularly persuasive where, as here, the prior conviction is based on a plea of guilty:

> [The defendant's] claim could have been raised on direct appeal, but was not. And there is no basis here for allowing collateral attack "to do service for an appeal."

.    .    .    .    .

> For the concern with finality served by the limitation on collateral attack has special force with respect to convictions based on guilty pleas.

> "Every inroad on the concept of finality undermines confidence in the integrity of our procedures; and, by increasing the volume of judicial work, inevitably delays and impairs the orderly administration of justice. The impact is greatest when new grounds for setting aside guilty pleas are approved because the vast majority of criminal convictions result from such pleas. Moreover, the concern that unfair procedures may have resulted in the conviction of an innocent defendant is only rarely raised by a petition to set aside a guilty plea."

*Timmreck*, 441 U.S. at 784, 99 S.Ct. at 2087–88, 60 L.Ed.2d at 638–39 (quoting *United States v. Smith*, 440 F.2d 521, 528–29 (7th Cir.1971) (Stevens, J., dissenting)), (citations and footnote omitted); *see also Grabbe v. Superior Court*, 155 Ariz. 87, 745 P.2d 145 (App.1987); *State v. Cuzick*, 154 Ariz. 231, 741 P.2d 698 (App.1987).

■ We hold that where the record shows defendant was represented by counsel and the conviction is valid on its face, the defendant is precluded from attempting to undermine the validity of that conviction by collateral attack. To allow a defendant or to require the state to introduce evi-

dence going beyond the face of such a conviction would place undue burdens on trial courts and the state. In essence, such a procedure would require the trial court to perform a delayed appellate review function which is inappropriate. *State v. Wilson*, 684 S.W.2d 544, 548 (Mo.Ct.App.1984) (citing *State v. Heaps*, 36 Wash.App. 718, 722, 677 P.2d 1141, 1145 (1984)); *see also State v. Quinn*, 594 S.W.2d 599 (Mo.1980).

We recognize that even if the defendant was unrepresented by counsel at the time of the prior conviction, it may be appropriate, in some cases, to preclude collateral attack. The defendant may have waived counsel or the offense may be one in which there was no right to counsel. We deal today only with prior counselled convictions which will represent the great majority of prior convictions the state seeks to use. Questions relative to the use of prior uncounselled convictions we leave to another case and another day.

## CONCLUSION AND DISPOSITION

Where the record shows a defendant was previously convicted while represented by counsel, he may not collaterally attack the validity of that conviction when it is alleged for enhancement purposes. The order of the trial court dismissing the state's allegation of the 1983 prior conviction is set aside. The allegation is reinstated, and this cause is remanded for further proceedings consistent with this opinion.

GORDON, C.J., FELDMAN, V.C.J., and CAMERON and HOLOHAN, JJ., concur.