NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

STEVE ANDREW SUAZO, *Appellant*.

No. 1 CA-CR 17-0184
FILED 7-31-2018

Appeal from the Superior Court in Maricopa County
No. CR2014-138723-001 DT
The Honorable Justin Beresky, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Paul J. Prato
*Counsel for Appellant*

Steve Andrew Suazo, Tucson
*Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Lawrence F. Winthrop delivered the decision of the Court, in which Judge Diane M. Johnsen and Judge Maria Elena Cruz joined.

---

**W I N T H R O P**, Presiding Judge:

¶1         Steve Andrew Suazo ("Appellant") appeals his conviction and sentence for one count of possession of dangerous drugs for sale. Appellant's counsel filed a brief in accordance with *Smith v. Robbins*, 528 U.S. 259 (2000); *Anders v. California*, 386 U.S. 738 (1967); and *State v. Leon*, 104 Ariz. 297 (1969), stating that he searched the record on appeal and found no arguable question of law that was not frivolous. Appellant's counsel therefore requested that we review the record for fundamental error. *See State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999) (stating that this court reviews the entire record for reversible error). This court granted counsel's motion to allow Appellant to file a supplemental brief *in propria persona*, and Appellant did so, raising several issues that we address and prompting us to issue an order for supplemental briefing on the part of counsel pursuant to *Penson v. Ohio*, 488 U.S. 75 (1988).

¶2         We have appellate jurisdiction pursuant to the Arizona Constitution, Article 6, Section 9, and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1), 13-4031, and 13-4033(A).[1] After reviewing the entire record and considering the supplemental briefing, we conclude that trial error occurred, but the error in this case does not require reversal; accordingly, we affirm Appellant's conviction and sentence.

**FACTS AND PROCEDURAL HISTORY[2]**

¶3         On September 5, 2012, undercover Phoenix police detectives S.A. and R.A. drove to a restaurant parking lot to purchase

---

[1]      We cite the current version of all applicable statutes because no revisions material to this decision have occurred since the date of the offense.

[2]      We view the facts in the light most favorable to sustaining the verdict and resolve all reasonable inferences against Appellant. *See State v. Kiper*, 181 Ariz. 62, 64 (App. 1994).

methamphetamine from a person named "Steve." A confidential informant had arranged the meeting. Several minutes later, a person subsequently identified as Appellant drove into the parking lot, parked near the detectives, and exited his vehicle. Detective S.A. greeted Appellant, who identified himself as "Steve," and the men discussed the quantity and price of the methamphetamine to be purchased. Detective S.A. introduced Appellant to Detective R.A., and Appellant handed the detectives a plastic baggie containing approximately a quarter-ounce of methamphetamine.[3] In exchange, the detectives paid Appellant two hundred and eighty dollars.

¶4        A jury convicted Appellant as charged of one count of possession of dangerous drugs for sale, a class two felony. *See* A.R.S. § 13-3407. After finding Appellant had at least two historical prior felony convictions for sentencing purposes, the trial court sentenced Appellant to a presumptive term of 15.75 years' imprisonment in the Arizona Department of Corrections, ordered the sentence be concurrent with sentences imposed in another case,[4] and credited Appellant for 959 days of presentence incarceration. Appellant filed a timely notice of appeal.

**ANALYSIS**

¶5        Appellant raises several arguments in his supplemental brief. As previously noted, *see supra* note 4, we do not address arguments unrelated to this case.[5] Additionally, we do not address Appellant's claims

---

[3]        At trial, a forensic scientist employed at the Phoenix Police Department's crime laboratory testified the baggie contained 6.6 grams of methamphetamine in a "usable condition."

[4]        *See* Maricopa County Superior Court Case No. CR2014-002227-009 DT. Appellant appealed his convictions and sentences in that case, and this court affirmed as modified to reflect corrections in the trial court's sentencing minute entry. *See State v. Suazo*, 1 CA-CR 17-0192, 2018 WL 1614507, at *2 n.3, ¶ 10 (Ariz. App. Apr. 3, 2018) (mem. decision) (mandate issued May 18, 2018). Several of the issues Appellant raises in his *pro per* brief stem from alleged facts apparently present in his other case, not this case. We do not address issues related to Appellant's other case and appeal because we will not consider a collateral attack on his other convictions. *See generally State ex rel. Collins v. Superior Court*, 157 Ariz. 71, 75 (1988).

[5]        We also do not address Appellant's arguments regarding an alleged computer-aided dispatch ("CAD") report. The alleged CAD report is not

of ineffective assistance of counsel because such claims must be raised in a petition for post-conviction relief, not on direct appeal. *See State v. Spreitz*, 202 Ariz. 1, 3, ¶ 9 (2002).

    I.  *Sufficiency of the Evidence*

**¶6**    Appellant argues "there is no proof of a drug sale," ostensibly because the only evidence of the transaction between him and the detectives was the detectives' (and forensic scientist's) testimony, and the State put forth no additional corroborating evidence, including but not limited to surveillance audio or video, additional independent witnesses to the transaction, or Appellant's fingerprint or DNA evidence. However, testimony alone may provide proof sufficient to support a conviction. *See State v. Dutton*, 106 Ariz. 463, 465 (1970); *State v. Munoz*, 114 Ariz. 466, 469 (App. 1976); *see also State v. Hall*, 204 Ariz. 442, 454, ¶ 49 (2003) ("[P]hysical evidence is not required to sustain a conviction if the totality of the circumstances demonstrates guilt beyond a reasonable doubt." (citation omitted)); *State v. Montano*, 121 Ariz. 147, 149 (App. 1978) ("[O]ne witness, if relevant and credible, is sufficient to support a conviction." (citation omitted)).

**¶7**    Here, both detectives testified that they paid Appellant two hundred and eighty dollars to purchase approximately a quarter-ounce of methamphetamine, and a forensic scientist confirmed the substance obtained from Appellant was 6.6 grams of methamphetamine in a useable condition. This testimony constituted substantial evidence to permit a reasonable jury to conclude Appellant possessed and sold a useable amount of methamphetamine to the undercover detectives. *See State v. Windsor*, 224 Ariz. 103, 104, ¶ 4 (App. 2010) ("We will not reverse a conviction unless the state has failed to present substantial evidence of guilt.").

    II.  *Alleged Hearsay*

**¶8**    Appellant also contends that because the detectives' testimony regarding the drug transaction was not supported by corroborating evidence, it constituted inadmissible hearsay. *See* Ariz. R. Evid. 802. Appellant misapprehends the definition of hearsay, however. The detectives' statements do not constitute hearsay merely because they were not corroborated by additional evidence. *See* Ariz. R. Evid. 801(c)(1) (defining hearsay in part as a statement that "the declarant does not make

part of the record, and we decline to consider an issue that was neither raised at trial nor substantiated by evidence in the record.

while testifying at the current trial or hearing"). Further, Detective S.A.'s testimony that Appellant identified himself as "Steve" when he met the detectives was not hearsay, *see* Ariz. R. Evid. 801(d)(2)(A), and the detectives' testimony describing details of the drug transaction, which the State presented to establish facts of consequence, did not otherwise consist of extrajudicial statements made to prove the truth of the matter asserted, *see* Ariz. R. Evid. 801(c)(1)-(2). Consequently, the detectives' testimony describing the drug transaction was not hearsay.

### III. *Preclusion of Evidence Attacking the Detectives' Credibility*

**¶9** Appellant argues that because the detectives had committed past disciplinary violations and were therefore on the "Brady List" of police officers implicated in professional misconduct,[6] the trial court erred by denying his request to admit evidence of their inclusion on the list for impeachment purposes. During trial, however, Appellant's counsel sought to impeach both detectives' testimony by cross-examining the detectives about their past disciplinary violations. Counsel elicited testimony from Detective S.A. that he had previously been disciplined by the Phoenix Police Department when he received a written reprimand for failing to honestly report facts pertaining to an investigation in 1983. Similarly, counsel elicited testimony from Detective R.A. that he had been disciplined in 2003 for leaving a training seminar early and not logging out when he did so. Thus, Appellant presented the jury with the relevant information regarding the detectives' past conduct, and the jury could weigh that information in assessing the detectives' credibility. Presentation of the Brady List or any additional documentary evidence supporting it would have been cumulative, *see* Ariz. R. Evid. 403, and preclusion of that list did not prejudice Appellant. Thus, to the extent the trial court did preclude its admission, the court did not abuse its discretion, *see State v. Williams*, 133 Ariz. 220, 230 (1982), much less commit fundamental, prejudicial error.

### IV. *Conflicts, Inconsistencies, and Omissions in Testimony*

**¶10** Appellant also argues the detectives' testimony conflicted or contained inconsistencies—such as the proximity to which Appellant parked his vehicle to the detectives' vehicle before the drug transaction— and contained omissions—such as a lack of detail regarding the make,

---

[6] Upon proper request, prosecutors must disclose to criminal defendants the names of police officers accused of professional misconduct, and a list of such officers is called a "Brady List." *See generally Brady v. Maryland*, 373 U.S. 83, 87-88 (1963).

model, and license plate number of Appellant's vehicle. Any discrepancies or omissions in these immaterial details go to the detectives' credibility and do not constitute perjury, as asserted by Appellant, or reversible error. It was the jury's province to assess and weigh the detectives' credibility and to find the facts, while considering those inconsistencies or omissions. *See State v. Boggs*, 218 Ariz. 325, 335, ¶ 39 (2008) ("Determining veracity and credibility lies within the province of the jury . . . ." (citation omitted)); *Estate of Reinen v. N. Ariz. Orthopedics, Ltd.*, 198 Ariz. 283, 287, ¶ 12 (2000) ("The credibility of a witness' testimony and the weight it should be given are issues particularly within the province of the jury." (citation omitted)). We defer to the jury's findings if they are supported by the record and not clearly erroneous. *See State v. Grell*, 212 Ariz. 516, 528, ¶ 58 (2006) (citation omitted).

    *V.*    *Willits Instruction*

**¶11**    Appellant next argues the trial court should have instructed the jury pursuant to *State v. Willits*, 96 Ariz. 184 (1964). The trial court declined to provide such an instruction after discussing the matter with counsel, both of whom agreed the instruction was not necessary because it was not relevant.

**¶12**    In general, we review a trial court's denial of a *Willits* instruction for an abuse of discretion. *State v. Glissendorf*, 235 Ariz. 147, 150, ¶ 7 (2014). A *Willits* instruction tells jurors they may draw an inference from the State's loss or destruction of material evidence that the evidence would have been unfavorable to the State. *See State v. Fulminante*, 193 Ariz. 485, 503, ¶ 62 (1999). Nevertheless, "[d]estruction or nonretention of evidence does not automatically entitle a defendant to a *Willits* instruction." *State v. Murray*, 184 Ariz. 9, 33 (1995). "To be entitled to a *Willits* instruction, a defendant must prove that (1) the state failed to preserve material and reasonably accessible evidence that could have had a tendency to exonerate the accused, and (2) there was resulting prejudice." *State v. Smith*, 158 Ariz. 222, 227 (1988) (citation omitted). To show evidence had a "tendency to exonerate," a defendant cannot simply speculate about how the evidence may have been helpful. *Glissendorf*, 235 Ariz. at 150, ¶ 9 (citations omitted). Instead, "there must be a real likelihood that the evidence would have had evidentiary value." *Id.* (citations omitted). Further, *Willits* only provides for a duty to preserve evidence, not create it, and such an instruction is not called for merely because a more exhaustive investigation might have been made. *See generally State v. Walters*, 155 Ariz. 548, 550-51 (App. 1987).

¶13 On this record, there is no indication the State lost, destroyed, or failed to preserve evidence, and it was not required to create evidence by videotaping or audiotaping the transaction between Appellant and the detectives. Although Appellant argues the detectives should have been required to retain any notes used to create the underlying police report and that failure to do so should have triggered a *Willits* instruction, any notes taken by the detectives in this case were irrelevant once their substance was incorporated into the police report, and the court therefore properly declined to give a *Willits* instruction. *See State v. Travis*, 26 Ariz. App. 24, 27 (1976).

## *VI. Confidential Informant*

¶14 Finally, Appellant alleges a violation of his Confrontation Clause rights, *see* U.S. Const. amend. VI; Ariz. Const. art. 2, § 24, with respect to testimonial evidence regarding possible hearsay statements allegedly made by the confidential informant and introduced through Detective R.A.[7] The Confrontation Clause prohibits the admission of an out-of-court statement of a witness who does not appear at trial if the statement is testimonial, unless the witness is unavailable and the defendant had a prior opportunity to cross-examine the witness. *See Crawford v. Washington*, 541 U.S. 36, 53-54 (2004).

¶15 In this case, Detective R.A. testified in response to the prosecutor's questioning on direct examination that the drug deal at issue had been set up by a confidential informant, and that the confidential informant had named Appellant as the person selling methamphetamine:

> Q And did you engage in an investigation of a potential drug buy?
> A Yes.
> Q How did that get set up?
> A That was set up through a confidential informant.
> Q And what information did you have going into that potential drug buy?
> A The informant provided the first and last name of the individual I was dealing with. And then also provided, basically stated that this individual was selling methamphetamine.
> Q And what was the first and last name you had?

---

[7] The confidential informant did not testify at trial, and Appellant had no prior opportunity to cross-examine him.

A Steve Suazo.

Appellant did not object to this testimony at trial.

¶16          Pursuant to *Penson*, 488 U.S. at 75-89, we ordered counsel for both sides to file simultaneous briefs addressing whether, through this testimony, a Confrontation Clause violation occurred; if so, whether it constituted fundamental, prejudicial error; and if so, the appropriate remedy.

¶17          After receiving and considering the parties' briefs, we agree with Appellant that the quoted testimony, elicited by the prosecutor, constituted inadmissible hearsay offered to prove the truth of the matter asserted—that Appellant was a methamphetamine dealer, consistent with the detectives' testimony that Appellant sold methamphetamine to them—and violated Appellant's rights under the Confrontation Clause. However, because Appellant did not object to the detective's testimony, our standard of review is fundamental error, which requires Appellant to "show that the error complained of goes to the foundation of his case, takes away a right that is essential to his defense, and is of such magnitude that he could not have received a fair trial." *State v. Henderson*, 210 Ariz. 561, 568, ¶ 24 (2005) (citation omitted). For Appellant to prevail under this standard of review, he must establish both that fundamental error exists and that the error caused him prejudice. *Id.* at 567, ¶ 20. To prove prejudice, Appellant may not rely upon mere speculation. *See State v. Munninger*, 213 Ariz. 393, 397, ¶ 14 (App. 2006); *State v. Lowery*, 230 Ariz. 536, 540, ¶ 9 (App. 2012) (stating that, when a defendant fails to object to an alleged error at trial, he must affirmatively show prejudice, and not merely that the error may reasonably have contributed to the verdict).

¶18          In this case, even if the error may properly be categorized as fundamental, Appellant fails to affirmatively demonstrate prejudice. Appellant argues he "was improperly labeled a drug dealer," and he speculates this testimony "may have impacted the jury's view of the evidence." However, each of the detectives positively identified Appellant at trial as the person who sold them methamphetamine, the forensic scientist identified the substance tested as methamphetamine, and although defense counsel partially impeached the detectives through their past conduct, their identification of Appellant as the seller was certain. Accordingly, we conclude Appellant would unquestionably have been convicted even if the improper testimony had not been elicited. Appellant fails to show prejudice, and on this record, no reversible error occurred.

*VII.    Other Issues*

**¶19**        We have reviewed the entire record for reversible error and find none. *See Leon*, 104 Ariz. at 300; *Clark*, 196 Ariz. at 537, ¶ 30. Appellant was represented by counsel at all stages of the proceedings and was given the opportunity to speak at sentencing. The proceedings were conducted in compliance with his constitutional and statutory rights and the Arizona Rules of Criminal Procedure.

**¶20**        After filing of this decision, defense counsel's obligations pertaining to Appellant's representation in this appeal have ended. Counsel need do no more than inform Appellant of the status of the appeal and of his future options, unless counsel's review reveals an issue appropriate for petition for review to the Arizona Supreme Court. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). Appellant has thirty days from the date of this decision to proceed, if he desires, with a *pro per* motion for reconsideration or petition for review.

## CONCLUSION

**¶21**        Appellant's conviction and sentence are affirmed.



AMY M. WOOD • Clerk of the Court
FILED:  AA