NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

ISIAH ROMONT HILL, *Plaintiff/Appellant,*

*v.*

STATE OF ARIZONA, et al., *Defendants/Appellees.*

No. 1 CA-CV 21-0486
FILED 2-17-2022

Appeal from the Superior Court in Maricopa County
No. CV2020-092928
The Honorable Peter A. Thompson, Judge

**AFFIRMED**

COUNSEL

Isiah Romont Hill, Florence
*Plaintiff/Appellant*

Arizona Attorney General's Office, Phoenix
By Kelly Gillilan-Gibson
*Counsel for Defendants/Appellees*

---

**MEMORANDUM DECISION**

Presiding Judge Cynthia J. Bailey delivered the decision of the Court, in which Chief Judge Kent E. Cattani and Judge D. Steven Williams joined.

---

**B A I L E Y,** Judge:

**¶1**          Isiah Hill appeals the superior court's judgment dismissing his complaint for injunctive relief against the State of Arizona, the Maricopa County Adult Probation Department, Probation Chief Michael Cimino, and the Arizona Department of Corrections and its director, David Shinn (collectively, "Appellees").  For the following reasons, we affirm.

**FACTS AND PROCEDURAL HISTORY**

**¶2**          In 2007, Hill pled guilty to multiple charges, including illegal control of an enterprise, conspiracy, kidnapping, and attempted child prostitution.  The superior court sentenced him to concurrent prison terms, the longest of which was sixteen years, followed by a five-year probation term.

**¶3**          In his complaint, Hill sought to enjoin Appellees from imposing his probation term when he is released from prison.  He alleged his indictment was invalid because the State presented illegally obtained wiretap evidence to the grand jury.  He contended, as a result, the superior court lacked jurisdiction to impose probation.  Hill further alleged that Appellees conceded that his sentence was unlawful because the State did not respond to similar allegations he made in a prior lawsuit. *See Hill v. State*, 2 CA-CV 2016-0007, 2016 WL 2348373 (Ariz. App. May 4, 2016) (mem. decision).  Hill also cited his petition for writ of certiorari to the United States Supreme Court in another case, *see Hill v. White*, 568 U.S. 836 (2012), and the fact that the State respondents in that case did not file a response brief.

**¶4**          Appellees moved to dismiss the complaint pursuant to Rule 12(b)(6) of the Arizona Rules of Civil Procedure.  The superior court granted the motion and denied Hill's motion for reconsideration.  Hill timely appealed.

**¶5**          We have jurisdiction over Hill's appeal under Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1) and 12-2101(A)(1).

**DISCUSSION**

**¶6**         We review *de novo* the grant of a motion to dismiss under Rule 12(b)(6).  *Coleman v. City of Mesa*, 230 Ariz. 352, 355-56, ¶ 7 (2012).  We will affirm dismissal if the plaintiff is not entitled to relief under any facts that can be proven in the complaint.  *Mohave Disposal, Inc. v. City of Kingman*, 186 Ariz. 343, 346 (1996).

**¶7**         As he did in the superior court, Hill argues that the indictment was based on unlawfully obtained wiretap evidence, which deprived the superior court of jurisdiction, and that the State conceded this point because the State defendants in another case he filed did not respond to his petition for writ of certiorari.[1]

**¶8**         In essence, Hill's complaint in this case challenged his criminal sentence and probation term.  A civil complaint, however, may not be used to collaterally attack a criminal conviction.  *See State ex rel. Collins v. Superior Court*, 157 Ariz. 71, 75 (1988) (holding a defendant may not collaterally attack a prior conviction absent a narrow exception because post-conviction proceedings provide an adequate avenue); *see also Cox v. Mackenzie*, 70 Ariz. 308, 312 (1950) (holding a plaintiff may not collaterally attack a probate order by filing a civil action).  Rather, post-conviction relief provisions available to a defendant, *see* Ariz. R. Crim. P. 32, 33, provide a "single comprehensive remedy," *State v. Shrum*, 220 Ariz. 115, 118, ¶¶ 11–12 (2009); *see also* Ariz. R. Crim. P. 33.3(a) (stating Rule 33 replaces and incorporates all trial court post-plea remedies except those obtainable by Rule 24 motions and habeas corpus).  Accordingly, because Hill's complaint was a challenge to his conviction, it did not state a claim for which the court could grant relief.  *See Coleman*, 230 Ariz. at 356, ¶¶ 8-9.

**¶9**         Moreover, A.R.S. § 12-1802(4) in most cases prohibits a superior court from issuing an injunction "[t]o prevent enforcement of a public statute by officers of the law for the public benefit."  Although the statute does not prevent a plaintiff from challenging the validity of a law or an abuse of power by public officials, *see Boruch v. State ex rel. Halikowski*, 242 Ariz. 611, 615-17, ¶¶ 11-19 (App. 2017), here Hill did not contend that the Probation Department exceeded its authority.  Nor did he challenge the

---

[1] Hill's opening brief does not comply with Rule 13(a)(7) of the Arizona Rules of Civil Appellate Procedure because it does not cite legal authorities or include appropriate references to the record.  Nevertheless, we decline to reject the brief on that basis, *see Clemens v. Clark*, 101 Ariz. 413, 414 (1966), and choose to address the merits of Hill's arguments.

statute authorizing probation or contest the validity of his plea agreement. Hill instead sought to stop the Probation Department from performing its statutory duties, an injunction which the superior court did not have authority to order. *See id.* at 616, ¶ 15; *see also State ex rel. Berger v. Myers*, 108 Ariz. 248, 249-50 (1972) (holding that when the defendant alleged the State presented illegally obtained evidence to the grand jury, § 12-1802(4) prohibited an injunction against the county attorney and grand jury).

¶10        Finally, in any event, the record plainly contradicts essential allegations of Hill's complaint. Contrary to Hill's assertions, this court did not hold that the State conceded his sentence was unlawful, *see Hill*, 2 CA-CV 2016-0007, at *1, ¶ 5 (affirming the denial of Hill's special action petition because his allegations were unsupported). The United States Supreme Court did not grant certiorari in his case, *see White*, 568 U.S. at 836, and the State in that case did not concede his allegations by not filing a response brief, *see* U.S. Sup. Ct. R. 15(1) (stating that an opposition brief is not mandatory except in capital cases or when ordered by the Court).

## CONCLUSION

¶11        For the reasons stated above, we affirm the superior court's judgment dismissing Hill's complaint.



AMY M. WOOD • Clerk of the Court
FILED:    AA

4