NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE
# ARIZONA COURT OF APPEALS
## DIVISION ONE

DELMO FIGORA TORREFRANCA, *Plaintiff/Appellant*,

*v.*

DAVID SHINN, et al., *Defendants/Appellees*.

No. 1 CA-CV 23-0101
FILED 11-09-2023

Appeal from the Superior Court in Maricopa County
No. CV2022-091125
The Honorable Stephen M. Hopkins, Judge *Retired*

**AFFIRMED**

COUNSEL

Delmo Figora Torrefranca, Mesa
*Plaintiff/Appellant*

Arizona Attorney General's Office, Phoenix
By Rebecca Banes, Patrick J. Boyle
*Counsel for Defendants/Appellees*

**MEMORANDUM DECISION**

Judge Kent E. Cattani delivered the decision of the Court, in which Presiding Judge Jennifer B. Campbell and Judge Anni Hill Foster joined.

**C A T T A N I**, Judge:

¶1         Delmo Figora Torrefranca was released from prison in 2021 after serving a 20-year sentence for sexual offenses.  After his release, he filed a complaint alleging he was wrongfully imprisoned beyond the date he should have been released.  He named as defendants the Arizona Department of Corrections, Rehabilitation, and Reentry ("ADCRR"), then-Director David Shinn, Correctional Officers Ramon Billyard, Dennis Raddatz, Vince Rowley, and former Director Charles Ryan (collectively "Defendants").  The superior court dismissed the complaint, and Torrefranca now appeals.  For reasons that follow, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2         In 2001, a jury convicted Torrefranca of three counts involving sexual offenses with a minor under the age of fifteen, all dangerous crimes against children.  On June 4, 2001, the court sentenced him to 20 years in prison, less 128 days for presentence incarceration credit.  The court imposed a term of community supervision, stating that Torrefranca "shall serve one day for every seven days of the sentence imposed under the supervision of the Community Supervision Program" consecutive to his 20-year sentence.  The court also placed Torrefranca on lifetime probation.

¶3         In 2002, this court affirmed Torrefranca's convictions and sentence on appeal.  *See State v. Torrefranca*, No. 1 CA-CR 01-0537 (Ariz. App. Oct. 1, 2002).  Torrefranca subsequently unsuccessfully pursued post-conviction relief under Arizona Rule of Criminal Procedure 32 on multiple occasions.  *See State v. Torrefranca*, No. 1 CA-CR 04-0833 PRPC (Ariz. App. Aug. 11, 2005); *State v. Torrefranca*, No. 2 CA-CR 2015-0449-PR, 2016 WL 314299 (Ariz. App. Jan. 26, 2016); *State v. Torrefranca*, No. 1 CA-CR 16-0435 PRPC, 2017 WL 4413903 (Ariz. App. Oct. 5, 2017).

¶4         While incarcerated, Torrefranca filed a grievance with ADCRR challenging the calculation of his release date.  ADCRR responded, informing Torrefranca that his calculated release date was January 22, 2021, with two years and ten months of community supervision to follow.  Torrefranca did not further pursue his grievance.

¶5         After being released from prison, Torrefranca filed a complaint against Defendants alleging that (1) ADCRR wrongfully imprisoned him by holding him in prison past March 2018, (2) ADCRR illegally added community supervision to his 20-year sentence, (3) ADCRR wrongfully imposed lifetime probation, (4) ADCRR wrongfully required

him to register as a sex offender, and (5) the individual defendants were liable for his damages because they were not acting within the scope of their employment.

**¶6**     Defendants filed a motion to dismiss, which the court granted. Defendants lodged a form of judgment with the superior court, and Torrefranca filed a premature notice of appeal, which became effective with the court's entry of final judgment. We have jurisdiction under A.R.S. § 12-2101(A)(1).

## DISCUSSION

**¶7**     Torrefranca contends the superior court erred by dismissing his complaint. We review de novo the dismissal of a complaint for failure to state a claim. *See* Ariz. R. Civ. P. 12(b)(6); *Coleman v. City of Mesa*, 230 Ariz. 352, 355, ¶ 7 (2012). We will affirm a dismissal under Rule 12(b)(6) if the plaintiff is not entitled to relief under "any interpretation of the facts susceptible of proof." *Coleman*, 230 Ariz. at 356, ¶ 8 (citation omitted).

**¶8**     Preliminarily, Torrefranca asserts that the superior court dismissed his complaint without considering his response to Defendants' motion to dismiss. The superior court initially granted the motion because of Torrefranca's purported failure to respond. But after Torrefranca filed a motion to reconsider pointing out that he had filed a response, the court acknowledged its mistake and directed Defendants to file a reply. The court subsequently denied the motion to reconsider, noting that it had reviewed and considered Torrefranca's response and reaffirming its ruling granting Defendants' motion to dismiss. Thus, Torrefranca's assertion that the court did not consider his response is unavailing.

## I.     Challenges to Convictions and Sentence.

**¶9**     Torrefranca's civil complaint essentially challenges his sentence and the imposition of probation. But this court previously affirmed Torrefranca's convictions and sentence on direct appeal, and his challenges under Rule 32 were similarly rejected. *See supra* ¶ 3. A civil complaint may not be used to collaterally attack a criminal conviction or sentence. *State ex rel. Collins v. Superior Court*, 157 Ariz. 71, 75 (1988). Thus, to the extent Torrefranca's complaint challenges the length of the prison sentences imposed after he was convicted of sexual offenses, the superior court properly rejected his arguments.

## II.    Unlawful Additions to Sentence.

¶10    Torrefranca contends that ADCRR unlawfully added community supervision and lifetime probation to his sentence.  But the sentencing court, rather than Defendants, imposed community supervision "to be served consecutively to the actual period of imprisonment" for one count as well as lifetime probation for two counts.  Torrefranca's assertion that ADCRR unlawfully added community supervision and lifetime probation to his sentence thus fails.

¶11    Torrefranca also argues that ADCRR unlawfully required him to register as a sex offender.  But ADCRR was required to do so.  *See* A.R.S. § 13-3821(B) (mandating sex-offender registration for any person convicted of any offense listed in § 13-3821(A), including sexual conduct with a minor under § 13-1405).

¶12    Torrefranca further contends that, under A.R.S. § 41-1604.10 (in effect at the time of his sentencing), he should have been released after serving 85% of his sentence, and that ADCRR thus wrongfully imprisoned him by holding him in prison an additional 1,043 days.  Arizona law, however, provided that "a person sentenced for a dangerous crime against children in the first degree . . . is not eligible for suspension of sentence, probation . . . or release from confinement on any basis . . . until the sentence imposed by the court has been served."  A.R.S. § 13-604.01(G) (1998).

¶13    Here, Torrefranca was convicted of sexual conduct with a minor under the age of fifteen, which is a dangerous crime against children in the first degree.  *See* A.R.S. § 13-604.01(L)(1)(e) (1998).  Thus, he was required to serve every day of his 20-year sentence (with credit for 128 days of presentence incarceration) and was not eligible to earn early release credits.

¶14    Finally, Torrefranca's contention that community supervision entitled him to early release or a shorter sentence is similarly unavailing. The court's sentencing order clearly stated that Torrefranca's community supervision term was to be served consecutively, *i.e.*, after completion of his sentence.  Thus, Torrefranca's allegation that ADCRR wrongfully imprisoned him by holding him past his release date fails.

¶15    Because Torrefranca would not be entitled to relief under any interpretation of the facts susceptible of proof, his complaint failed to state

a claim on which relief could be granted. Accordingly, the superior court did not err by dismissing the complaint.[1]

¶16        Finally, Torrefranca requests attorney's fees and costs on appeal. However, Torrefranca has not prevailed and is not entitled costs. As a self-represented litigant, Torrefranca has not incurred any fees, and in any event, he is not entitled to recoup fees having failed to prevail on appeal.

**CONCLUSION**

¶17        We affirm.



AMY M. WOOD • Clerk of the Court
FILED:      JT

---

[1]    Defendants correctly note that Torrefranca's state-law claims also fail against the individual defendants because they were acting within the scope of their legal duty. *See* A.R.S. § 31-201.01(F) ("Any and all causes of action that may arise out of tort caused by the [ADCRR] director, prison officers or employees of the department, within the scope of their legal duty, shall run only against the state."). The claims against ADCRR also fail because it is a non-jural entity not subject to lawsuit under its enabling legislation. A.R.S. § 41-1602. But even if Torrefranca had sued the proper party—the State—his claims were properly dismissed on the merits for the reasons stated above.